BRANCH *vs.* THE PLANTERS' LOAN AND SAVINGS BANK.

1. Where a case was submitted to the presiding judge without a jury, on an agreed statement of facts in writing, there was no error, after the facts had been agreed upon, in refusing to open the agreement on motion and insert new and important facts therein. There was certainly no abuse of discretion, as a matter of practice, in so doing.
2. Where one in possession of personalty, but without title thereto, sold the property and received the proceeds for his own use, this was a conversion, and a demand and refusal to deliver was not necessary before the bringing of an action of trover by the owner; nor does the fact that he sold the property in good faith make the act less a conversion than would his refusal in good faith to deliver the property on demand.
3. T., who was the owner of a mule, sold it to G., making a conditional sale, by which the vendor retained title until payment. When the note fell due, a new note in renewal of it was given by G. and R. In the meantime, the original note had been negotiated

by T. to a bank. T. discounted the new note to B, B. demanded payment, but another note was given to him by the same makers, reserving title in him, they stating that there were other liens of the same character outstanding on the mule. The bank sued G. in trover, and recovered the mule on January 19, 1882, and subsequently on November 4, 1882, resold it to G, under a conditional sale, which was not recorded, and gave possession back to G. On September 19, 1882, B. sued G. for the same property, under his conditional sale, and obtained judgment on October 16, 1883. The sheriff delivered the mule to B., who then sold it, and subsequently the bank brought trover against him:

*Held,* that the bank had the superior title, and B. having been put upon inquiry, and having acted with notice, the bank was entitled to recover from him the value of the mule.

(a.) The judgment in favor of the bank against G. bound B. as a privy thereto, his being a younger title from the defendant therein; but if it did not, on account of irregularity of the memorandum in the justice's court where it was sued, it is evidence that the possession of the mule then went into the bank.

January 12, 1886.

Practice in Superior Court. Trover. *Bona Fides.* Sales. Title. Conversion. Judgments. Before Judge Eve. City Court of Richmond County. March Term, 1885.

Reported in the decision.

Wm. K. Miller, for plaintiff in error.

F. W. Capers, Jr.; Chas. Z. McCord, for defendant.

Jackson, Chief Justice.

This was an action of trover brought by the Planters' Loan and Savings Bank against Thomas P. Branch for the conversion of a mule, the plaintiff electing to take a money verdict. The case went before the city court of Richmond county on law and facts, without jury, on the following agreed facts:

On January 14, 1882, the following judgment was rendered, as appears from the docket of the justice of the peace of 124 D. G. M.. December 1, 1881:

"Planters' Loan and Savings Bank
vs.                    } In trover.
George Glisson.

Note for $75.00, payable to C. Toler at any bank in the city of Augusta, with mortgage on dark brown horse mule. Summons and bonds, $2.00. Case tried, and mule turned over to bank. Cost paid by bank. Usual summons issued."

"Bank then resold, under conditional sale to Glisson, this property, on November 4, 1882, and took note for same, which was not recorded, and gave possession of mule back to Glisson.

"On September 19, 1882, Thomas P. Branch sued George Glisson for the same property, this mule, founded on a conditional sale of same, and obtained judgment therefor in the superior court of Richmond county, on October 16, 1883. The sheriff delivered this mule to Thomas P. Branch, as his property, who sold the same prior to the institution of this suit.

"One C. Toler originally sold this mule to Glisson on a conditional sale. The note fell due, and a new note was given by Glisson and A. Rhodes to renew it. In the meantime, the original note had been negotiated by Toler to plaintiff, the bank; Toler discounted the renewal note to Thomas P. Branch. Branch demanded payment of his note; payment was not made, but a new note reserving title in Branch was given to Branch by Glisson and Rhodes, who stated that there were other liens outstanding on the mule of the same character. Branch recovered on this note and sold the mule in good faith. The bank also knew of the existence of this lien on the mule.

"Mule was worth one hundred and twenty dollars and plaintiff elects a money verdict."

The court rendered judgment for one hundred and twenty dollars in favor of the plaintiff, and on the denial of a new trial, Branch excepted.

1. After the facts had been agreed upon, the plaintiff in error moved to amend the same by adding, after the words, "Branch demanded payment of the note; payment was

not made, but a new note, reserving title in Branch, was given to Branch by Glisson & Rhodes, who stated that there were other liens outstanding on the mule, of the same character," the following words : " This statement as to other liens was made a few days after the note was given." This motion was denied, and this is one ground for a new trial, and error is assigned thereon. It is matter in the discretion of the court below. It would be dangerous, after parties agree to try on an agreed statement of facts. to open that agreement and let in an important qualification of a solemn admission made *in judicio* in the form of an agreement. We cannot say that the court did wrong about it, at all events to the extent of abuse of his discretion exercised in a matter of practice. Besides, the agreement is in writing, and bound the parties, (Code, §408), and the court had no power to alter it.

2. Branch sold the mule, and this converted the animal to his use, by pocketing him in the shape of money. No demand and refusal to deliver the mule to the bank was necessary, which would merely have proved by implication that he intended to do what he had actually done in the most complete way possible. That he sold him in good faith does not make his act of selling the mule less a conversion than would his refusal in good faith to give him up on demand of the bank make that act the less proof of conversion.

3. The title is in the bank. It got its title from Toler, the owner, by suing Glisson for the mule, on a note it discounted, with mortgage on the mule, and recovered the mule in trover in that action. This judgment was rendered January 14th, 1882. It bound Branch as privy thereto, because his is a younger title from the defendant, Glisson. But if it did not, from irregularity of the memorandum of the case in a court not of record, bind and conclude Branch, it is evidence that the mule went then into the possession of the bank. Even if it be no evidence of that much, then from the other recitals of facts, the better title of the bank

is manifest. Toler owned the mule; he sold to Glisson for note, reserving title. The bank bought this note, and got the mule, and on November 4th, 1882, it sold to Glisson conditionally, reserving title ; of this Branch had notice, though it was not recorded. On a renewed note, which Toler fraudulently put off on Branch, given by Glisson & Rhodes, Branch demanded payment; payment was not made, but Branch renewed again, with title reserved to the mule, and with information from Glisson & Rhodes, of other similar liens, and hence of the bank's title. While the mule was in possession of Glisson, from the bank's conditional sale, of which Branch thus had notice, by being put upon inquiry, Branch recovered it from Glisson, and sold it. This recovery was in October, 1883, long after the bank had title to the mule. It put into Branch no title against the bank, for Glisson had none. When Branch sold it, though in good faith, he converted it to his use, and the bank was entitled to recover from him the agreed value of the mule. Having notice, by the information he got when the note on which he recovered the mule was made, the record of the conditional sale was unnecessary to give it to him.

The truth is, he was swindled by Toler, perhaps by others, but not by the bank. His title is inferior to that of the bank, subordinate to it, and he must lose the mule

Judgment affirmed.