## TERRY SHIPBUILDING CORPORATION *v.* GRIFFIAN.

The Court of Appeals did not err in holding that " The petition in this
case set out a cause of action, and the court did not err in overruling
a demurrer thereto."

No. 2889. MAY 12, 1922.

Certiorari; from Court of Appeals. 27 *Ga. App.* 396 (109 S.
E. 174).

Griffian brought a suit against Terry Shipbuilding Corporation,
for the recovery of damages on account of personal injuries. The
petitioner alleges that he was engaged in the construction of a
tank in the lower forehold of a vessel being built by the defendant;
that it became necessary for him to go to the anglesmith shop of
defendant to get a staple to be used in building the tank; that to
do so he was obliged to climb through hatchways in two decks to
the main deck of the vessel; that directly above the hatchway in
the main deck there was a circular hole through the floor of the
forecastle deck, called the hawse-pipe hole, the same being twenty-
eight inches in diameter; that there was located on the forecastle
deck within two or three feet of this hawse-pipe hole a portable
forge used in heating rivets to red-hot temperature, which were
passed through the hawse-pipe hole to the main deck for use there;
that in some manner unknown to petitioner this portable forge
was upset, and as petitioner stepped upon the main deck the
burning coal and red-hot rivets from the forge were precipitated
through the hawse-pipe hole upon petitioner; that a heavy iron
ring from the forge struck petitioner on the head, fracturing his
skull and rendering him unconscious; that he had suffered and
would continue to suffer great physical and mental pain and an-
guish; that he has been advised by competent physicians that the
injury to his skull is likely to result in his having epileptic fits and
insanity, and in all probability will shorten his life; that the in-
jury has rendered him unfit for any but the lightest work, and he
is subject to attacks of dizziness if he attempts to work in a
stooping position or to ride in an elevator; that he did not know,
and could not in the exercise of ordinary diligence have known,
of the location of said forge in such close proximity to said hole;
that defendant knew of its location in that position for several
days prior to the date on which petitioner was injured; that de-
fendant was negligent in permitting the forge to be located in that

position, in failing to notify or warn petitioner of its location, knowing that his employment required him to be many times during the day immediately under said hole, and that he was liable to be injured if the forge or part of it should fall through the hole.

The petition was demurred to on the grounds, (1) that no cause of action is set forth; (2) that no facts are alleged which show that any negligence of defendant was the proximate cause of plaintiff's injury. This demurrer was overruled, and the Court of Appeals affirmed that judgment. The defendant petitioned this court for the writ of certiorari, which was granted.

*David S. Atkinson,* for plaintiff in error.

*Gignilliat & O'Neal, J. S. Harrison,* and *R. L. Colding,* contra.

GILBERT, J. The plaintiff in certiorari insists that the Court of Appeals erred in two respects. These contentions cannot be better stated than by quoting the words of the counsel for plaintiff in certiorari in their brief, as follows: " The plaintiff bases his claim of liability against the shipbuilding corporation upon the theory that the company permitted the forge to remain within two or three feet of the hawse-pipe hole, alleging that there was 'no necessity for it being placed so near the said hawse-pipe hole,' and in the failure of the company to warn him that the forge was located where it was at the time it was upset, thus basing its claim of negligence against the defendant company upon the principle of law that the master must furnish the servant a safe place to work, or warn him where it is unsafe. Your petitioner herein respectfully shows to the court that the decision overruling the demurrer should be reversed, for two reasons: (*a*) The allegations of the petition show that the plaintiff, with others, was engaged in construction work, that the plaintiff was not at a permanent place of work, nor was the forge at a permanent place, that the accident was a risk of the employment, and that the master owed him no duty to warn him of this danger, an incident to the construction work. (*b*) That the proximate cause of the injury was not the passive negligence (if negligence it was) of the master in not removing the forge from its position within two or three feet of the hawse-pipe hole, or warning the plaintiff that it was near the hawse-pipe hole. The pleadings show beyond question that the proximate cause of the injury was the upsetting of the

forge, and it is not even remotely claimed that the master is responsible for the act which caused the forge to upset." Counsel for the defendant in certiorari, plaintiff in the court below, in their brief, make the following statement: "The respondent bases his claim of liability against the shipbuilding company upon the theory set out in the fifth paragraph of the petition for certiorari, that there was no necessity for the forge to be placed within two or three feet of the hawse-pipe hole and in the failure of the company to warn him (Griffian) that the forge was located where it was at the time it was upset, it being alleged in the petition that the forge had been located in dangerous proximity to the hawse-pipe hole for several days prior to the time respondent was injured, and that its location was known to the defendant company."

1. The case, as made by the petition, does not fall within the class of cases "in which the very work the servants are employed to do consists in making a dangerous place safe, or in constantly changing the character of the place for safety as the work progresses," where the general rule in regard to the duty of the master to furnish his servant a safe place to work is not usually applicable. The cases of *Holland* v. *Durham Coal Co.*, 131 *Ga.* 715 (63 S. E. 290), and *Byrd* v. *Thompson*, 146 *Ga.* 300 (91 S. E. 100), clearly apply to the class just mentioned, and if the facts of the present case brought it within the same rule, these cases would undoubtedly control. The case of *Holland* v. *Durham Coal Co.*, had reference to an injury to a servant employed in a coal-mine, whose work itself was constantly changing the character of the place in which he labored and tended to undermine the walls of the coal. Practically all of the cases cited in that case were mining cases. The case of *Byrd* v. *Thompson* was a suit by a servant employed to assist in erecting a brick building, and the injury occurred during the course of its construction. Under the facts of that case the court held that the principle ruled in the *Durham Coal Co.* case was applicable. The facts alleged in the present case are that petitioner was working on a tank during the construction of a ship; that the injury occurred at a place on the ship different from the place where the petitioner was working, where other servants were engaged in a different kind of work. There is nothing in the petition to indicate that the petitioner, by his

labor, was causing the place where he worked to become more dangerous or less safe. There is nothing in the petition to show that the labor being performed by the other servants was itself changing that place into a more dangerous or less safe place to work. The petition does allege that it was not necessary that the portable forge should have been placed so near to the hawse-pipe hole; that it was negligence so to do; that the master had for several days known that it was so placed, and of the danger incident thereto. It further alleges that the petitioner did not know of these facts. Counsel for plaintiff in error, in his brief on the petition for certiorari, makes the following argument: "The shipbuilding company was engaged in building a ship. The plaintiff was engaged to work in the construction work as a 'ship-fitter.' In the construction of the ship it was necessary to rivet the iron plates together. In riveting the iron plates together it was necessary to heat the rivets to a red-hot temperature. In heating the rivets to a red-hot temperature it was necessary to have a forge. As the rivets must be driven at different parts of the ship, it was necessary for the forge to be a portable forge. At the time mentioned the employees of the shipbuilding company were engaged in heating the rivets in the portable forge, passing them through the hawse-pipe hole to the riveters on the main deck. Therefore the forge must necessarily have been close to the hawse-pipe. The plaintiff, in the scope of his duties, walked underneath the hole. It was necessary to the proper construction of the ship for the hot rivets and a portable forge to be located near the hawse-pipe hole. It was also necessary to the construction of the ship for the plaintiff to pass under the hole. Through an accident for which it is not claimed that the shipbuilding company was responsible, the forge was upset, and the petitioner injured." Conceding that the petitioner was engaged in construction work on a ship, that hot rivets were necessary, that they were to be used in different places, and that a portable forge was essential, nevertheless the petition alleges that it was not necessary to place the portable forge so near the hawse-pipe hole, and permitting it to be so placed without warning to the petitioner constituted a negligent act of the master. The general rule in regard to the duty of the master to furnish a safe place to work is not rendered inapplicable merely because the servant was engaged in construction work, and that at

the time of the injury the object being constructed was in an unfinished state, to some extent changing from day to day. If it were otherwise, it would be difficult to find a case where a workman was engaged in performing labor for a master where the rule would apply. Practically all labor normally tends to change the condition of the thing labored upon; otherwise it would be useless. The allegations of the petition bring the case within the general rule requiring the master to furnish the servant a safe place to work; and therefore the decision of the Court of Appeals is not in conflict with the former decisions of this court mentioned above.

2. There is no merit in that ground of the petition for certiorari based upon the contention that under the allegations of the petition the negligence of the master was not the proximate cause of the injury. We will not indulge in a discussion of the term "proximate cause." It has been elaborately discussed by Mr. Justice Cobb in the case of *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109), where the difficulties of that question are stated and numerous authorities cited. It was held that "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." In the opinion, at p. 156, quoting from Watson's Personal Injuries, it was said: "A tortious act may have several consequences, concurrent or successive, for all of which the first tort-feasor is responsible. It is not intervening consequences, but intervening causes, which relieve. The test has been found, it has been said, not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and in the injurious consequence. So long as it affirmatively appears that the mischief is attributable to the original wrong as a result which might reasonably have been

foreseen as probable, legal liability continues." If, as alleged in the petition, the master was negligent in permitting the portable forge to be placed too near the hawse-pipe hole or in failing to notify petitioner of the danger incident thereto, he would not be relieved because a fellow servant or any other person or agency negligently overturned the forge and thus contributed to the injury. The act of overturning the forge would be concurring negligence. As stated in 22 Ruling Case Law, 193, § 76: "If an employer is guilty of a negligent breach of duty which becomes a proximate cause of an injury to an employee, the employer is not exonerated from liability for such injury because the negligence of a coemployee concurred in producing the injury." Under the allegations of the petition, the overturning of the forge could reasonably have been anticipated or foreseen by the master, and consequently he would be responsible for the consequences resulting from his negligence coupled with the intervening act. In the case of Schwarzschild &c. Co. v. Weeks, 4 L. R. A. (N. S.) 515 (72 Kan. 190, 83 Pac. 406), it was said: " Where the negligent act is in violation of a positive duty which the master owes to the servant, that becomes the controlling fact in determining the master's liability; and where the negligence of the master is the proximate cause of the injury, the master will be held liable, notwithstanding the negligence of the master may have been set in operation by the act of one who otherwise might be held to be a fellow servant." See also *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550 (58 S. E. 38, 10 L. R. A. (N. S.) 1176). Many more authorities might be cited, but we will merely add the following, because they have been selected for annotation in leading publications. Pullman Co. v. Laack, 143 Ill. 242 (32 N. E. 285, 18 L. R. A. 215) ; McGregor v. Reid, 178 Ill. 464 (53 N. E. 323, 69 Am. St. R. 332) ; Haskell &c. Car Co. v. Przezdziankowski, 170 Ind. 1 (83 N. E. 626, 127 Am. St. R. 352, 14 L. R. A. (N. S.) 972).

The Court of Appeals did not err in ruling that the petition showed that the negligence of the master was the proximate cause of the injury.        *Judgment affirmed. All the Justices concur.*