### 23710. SMITH *v.* EASTERN LIGHT COMPANY.

STEPHENS, J. 1. The implied warranty in a contract for the sale of a gas-generating plant for supplying lights for illuminating purposes to a home, that the property sold is reasonably suited to the purposes intended, does not include the specific warranty that the amount of "carbide," which is the fuel used to produce the illuminating gas, would not exceed a designated quantity for a period of six months. This fact, however, might be relevant as evidence tending to prove a breach of the implied warranty that the property sold was reasonably suited to the purposes intended.

2. Where in such a contract in writing it is provided that the writing contains all the agreements and warranties, either express or implied, with respect to the property sold, and that there is no representative of the seller who has authority to make any representation or warranty or agreement, oral or written, other than such as is contained in the contract, and that the purchaser "warrants" that he is not relying upon any such statement by any representative of the seller, and where the contract contains no specific warranty that the amount of "carbide," which is the fuel used to produce the illuminating gas, would not exceed a designated quantity for a period of six months, a representation or warranty made to the purchaser by the agent of the seller, who negotiated the contract, that only one can of carbide would be sufficient to operate the plant for six months, is not a part of the contract.

3. Upon the trial of a suit by the seller against the purchaser, to recover on a note given for the purchase-price of the property sold, where the only defense interposed was by the defendant's plea of a total failure of consideration, in a breach by the plaintiff of an alleged warranty that a certain limited amount of carbide would be sufficient to operate the plant for a period of six months, and that the plant was defective in that it required an unreasonable and excessive amount of fuel for its operation and would not give sufficient light, and was therefore not suited to the purposes intended, and where the only evidence tending to support the defendant's plea was, as appeared from the testimony of the defendant himself, that the cost of the operation of the plant was "out of all proportion to what it should cost," that it required one can of carbide at a cost of $5.85 to operate the plant for a period of about six weeks, that, as represented by the plaintiff's agent who had sold the plant to the defendant, only one can of carbide would be required for its operation in lighting the defendant's home during a period of about six months, that the plant was being used by the defendant "for the children to study by," that it made "a good light provided a man is able to pay for the fuel it uses," and where there was no evidence whatsoever of any defective condition in the plant, the evidence showed merely the cost at

which the defendant actually operated the plant and that it was in excess of the cost required to operate it as represented by the plaintiff's sales agent, and was therefore insufficient to authorize a finding that the plant, which produced a good light, was, by reason of the cost of its operation, defective in any respect and was not reasonably suited to the purpose intended.

4. The court did not err in directing a verdict for the plaintiff.

> *Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*
>
> DECIDED SEPTEMBER 22, 1934.

*Marion Turner,* for plaintiff in error. *H. F. Lawson,* contra.