30812.   MARONEY *et al.* *v.* MONTGOMERY WARD & COMPANY.

</div>

Decided May 2, 1945.   Rehearing denied May 23, 1945.

*Colon Cogdell,* for plaintiffs.

*Reese, Scarlett, Bennet & Gilbert,* for defendant.

BROYLES, C. J.   Mr. and Mrs. W. G. Maroney sued Montgomery Ward & Company for damages ex delicto arising from the explosion of an oil stove bought by them from the defendant, the explosion resulting from a defect in the stove and setting fire to their house.

After the introduction of evidence by both parties, counsel for the defendant made a motion for a directed verdict for the defendant, on the ground that the undisputed evidence disclosed that the stove was manufactured by a reputable concern, was shipped to the plaintiffs in the same unbroken crate or package in which it was received by the defendant from the manufacturer, and therefore the defendant was not liable.   The court sustained the motion and directed a verdict for the defendant; and that judgment is assigned as error in the bill of exceptions.

The evidence showed the following undisputed facts:   1.   The stove in question was manufactured by the United Stove Company; 2. The United Stove Company was a reputable concern; 3. The stove was so crated by the stove company that it could not be examined without uncrating it; 4. The stove was not uncrated by the defendant, but was sent in the original, unbroken crate or package to the plaintiffs; 5. The stove was uncrated by the plaintiffs and used by them for six months before it exploded.   There was no allegation in the petition, and no evidence upon the trial, showing that the defendant had any knowledge, positive or imputed, as to any defect in the stove; and no intention of deceit on the part of the defendant was alleged in the petition or shown by the evidence.

In *Bel* v. *Adler,* 63 *Ga. App.* 473, 477 (11 S. E. 2d, 495), the court said:   "The petition did not set out a cause of action for breach of an implied warranty.   There is no implied warranty by a dealer that an article or goods in a perfect-appearing original package, manufactured by a reputable manufacturer, which in practical use in retail trade can not be examined for imperfections, is suitable for the purposes intended.   The only warranty by the dealer, in such circumstances, is that the goods are manufactured by a reputable manufacturer."   See, also, to the same effect, *Fleetwood* v. *Swift & Co.,* 27 *Ga. App.* 502 (108 S. E. 909) ; *Howard* v. *Jacobs Pharmacy Co.,* 55 *Ga. App.* 163 (189 S. E. 373).

Counsel for the plaintiffs in his original brief contends that in order for the defendant to rely on the defense that the stove was manufactured by a reputable concern and sent to the plaintiffs in the unbroken original package, the defendant should have filed a special plea setting up such defense. However, in his supplemental brief he expressly abandons that contention and admits that under the pleadings in the case the defendant's evidence as to the stove having been made by a reputable manufacturer, etc., was admissible; but he contends, as to this feature of the case, that the decision in *Bel* v. *Adler*, supra, should be confined to small articles like "ordinary cosmetics, patent medicines, etc.," and should not be applied to a bulky article like an oil stove. Counsel, however, cites no authority to support his contention, and in the absence of such authority we hold the contention is untenable. Counsel further contends that it was the duty of the defendant to advise the plaintiffs that it was selling them a stove manufactured by the United Stove Company, but again he cites no authority to sustain the contention.

In our opinion, the undisputed evidence and the law applicable thereto demanded the verdict directed.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*