33709. GREGORY *v.* TAYLOR.

DECIDED OCTOBER 11, 1951.

718

*A. J. Shirley, Custer & Kirbo,* for plaintiff.

*Odum & Young, Gibson & DeLoache, Sam J. Gardner Jr.,* for defendant.

FELTON, J. ■ The plaintiff in her amended petition goes into great detail in setting out the defective condition of the truck and how that defective condition caused the dump-body of the truck to lower upon her husband, crushing him to death. However, in her amended petition she allowed to remain the allegation: "That while defendant was away, through some defect in the truck, *or some cause unknown to the petitioner*, the back portion of the truck body which had been left in a raised position, lowered and plaintiff's husband was caught between the body of the truck and the portion of the truck where the body is attached, said truck and truck body mashing the said W. C. Gregory. . ." (Emphasis supplied.) This constitutes alternative pleading that the dump-body of the truck lowered on plaintiff's husband because of the defective condition of the truck or because of "some cause unknown to the

petitioner." In cases of alternative pleadings, on general demurrer the petition is construed as alleging only the weaker of the two alternative pleadings. *Doyal* v. *Russell,* 183 *Ga.* 518, 533, 534 (189 S. E. 32). Therefore, in the instant case the petition will be construed as alleging that the dump-body of the truck lowered because of "some cause unknown to the petitioner," and properly construed it alleges that such cause was wholly unconnected with the defective condition of the truck and any negligence of the defendant. The only allegations in the amended petition that might give a clue as to what the "unknown cause" might be, are: "All the aforesaid injury and damage was directly and approximately caused by the following acts of negligence on the part of defendant. (a) In owning, operating and parking said trucks close to First Street without placing a fence around the edge of said street, so that the trucks would not be available to the general public. (b) Defendant was negligent in leaving the body part of said truck raised where it could fall or *be lowered* and cause injury like this one." (Emphasis supplied.) Construing such allegations to mean that the "unknown cause" was that some member of the public came upon the defendant's parking lot and either intentionally or negligently lowered the dump-body onto the plaintiff's husband, in the absence of allegations that it was a practice, about which defendant knew or in the exercise of ordinary care should have known, for members of the general public to come onto his parking lot and tinker with the trucks parked thereon, or in the absence of an allegation that the defendant knew or should have known through the exercise or ordinary care that some member of the general public might come onto the parking lot and tinker with the trucks parked thereon—no negligence is shown on the part of the defendant in failing to erect a fence around his parking lot. No causal connection between the unknown cause and any negligence of the defendant is shown, and for this reason the petition, construed properly, does not allege a cause of action against the defendant. The plaintiff relies on the case of *Terry Shipbuilding Corp.* v. *Griffian,* 153 *Ga.* 390 (112 S. E. 374). In that case the gist of the action was that the plaintiff was injured by the acts of the defendant in placing the portable forge too near the hawse-pipe hole and in failing to

warn the plaintiff of the danger incident thereto, thus creating an unsafe place to work. It was not alleged that the placing of the forge too near the hawse-hole or some cause unknown to the plaintiff caused his injuries. It was alleged that the forge was upset in some manner unknown to the plaintiff, and the court construed this allegation as alleging an "intervening event" which did not break the causal connection between the placing of the forge too near the hawse-hole and the injury of the plaintiff. There the placing of the forge too near the hawse-hole created the unsafe place to work, which was dangerous, and the upsetting of the forge in a manner unknown to the plaintiff was merely the agency which activated the dangerous condition so that it injured the plaintiff. In the instant case, the allegation was not that the dangerous condition of the truck was made active by an unknown cause; but it was alleged that the cause of the injuries was the dangerous condition of the truck or some cause unknown to the plaintiff. It is evident that the allegation, "or some cause unknown to the petitioner," was intended to be left in the amended petition and was not left in the amended petition through inadvertence. Such allegation was in the original petition as a part of paragraph 8. Paragraph 8 was amended by striking certain portions thereof, the above allegation not being one of those stricken; and in her restatement in the amendment as to how the paragraph should read as amended, the plaintiff allowed such allegation to remain.

The court did not err in sustaining the general demurrer to the amended petition and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*