36568. HOWELL *v.* EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

DECIDED MAY 23, 1957.

*Jack Broyles, Glyndon C. Pruitt,* for plaintiff in error.

*James A. Branch, Thomas B. Branch, Jr.,* contra.

FELTON, C. J. Leon W. Howell sued the Executive Committee of the Baptist Convention of the State of Georgia, doing business as Georgia Baptist Hospital, for damages allegedly caused by the defendants' negligence. To his original petition, the defendants demurred generally and specially. The plaintiff then amended his petition in certain particulars and the petition as amended states substantially the following: "2. That the said defendants have damaged your petitioner in the sum of $5,000 by reason of the following facts: 3. Petitioner avers that on or about November 20, 1955, he obtained a room in and entered the defendant hospital for the purpose of an operation upon his neck. He shows further, that he remained in said hospital until on or about December 18, 1955, and while there, was at all times under the complete control and direction of the defendants and their agents and servants; the names of said agents

and servants he is unable to state. 4. Petitoner avers further that on or about December 6, 1955, he was operated upon by the defendant Donald S. Bickers. 5. Petitioner says that he has paid in full the said hospital's bill of $560.55 and has also paid in full the said Donald S. Bickers the sum of $450 for his services. 6. Plaintiff avers further, that while he was on the operating table, completely under an anesthetic, and while completely under the control of the defendants and their servants and agents, the back of his left shoulder was burned in a manner totally unknown to this petitioner but, fully within the knowledge of the defendants. 7. Plaintiff says that this burn was in an area entirely apart from that of the operation on the back of his neck, since it was inflicted near his left shoulder blade, some eight inches away from the neck operation, upon a perfectly healthy shoulder. 8. Petitioner avers that the said burn was a very severe one, requiring additional surgery, in that he was returned to the operating room on or about December 17, 1955, the day before he left the hospital, and Doctor Chas. P. Yarn cut away part of the flesh and sewed up the wound. That afterwards, he had to visit Dr. Yarn's office several times for treatment and that before and after said last operation by Dr. Yarn, he suffered much pain. That said burn left a scar that he will probably have upon his shoulder the rest of his life. 9. Petitioner charges the defendants with negligence in the following particulars: (1) In burning your petitioner while he was helpless and under an anesthetic administered by defendants. (2) In allowing your petitioner to be burnt while he was helpless under an anesthetic, and under complete control of the defendants. (3) In not protecting your petitioner from being burned while helplessly under an anesthetic and completely under the control of defendants."

After the amendment to the petition, the defendants renewed their previous demurrers to the petition as amended and demurred on additional grounds. The court sustained all the grounds of the renewed and additional demurrers and granted the plaintiff twenty days within which to amend. The plaintiff failed to amend within the time granted and the court entered a judgment dismissing the plaintiff's action and the plaintiff excepts.

1. The only allegations of negligence contained in the petition were those contained in specifications 1, 2 and 3. One of the demurrers to the specifications was that they were conclusions of the pleader and were not sustained by any allegations of fact set forth in the petition. Such demurrers were special demurrers and in effect called upon the plaintiff to allege more particulars as to the details of the alleged acts of negligence committed by the defendant. *Milton* v. *Mitchell County Electric Membership Assn.*, 64 *Ga. App.* 63, 65 (12 S. E. 2d 367). The fact that the alleged negligence took place while the plaintiff was under anesthesia and under the exclusive control of the defendant does not excuse him from alleging particulars and details of the alleged negligence when called for by a proper special demurrer. We are bound by the following ruling in *Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695, 699 (50 S. E. 974): "In view of these well-established rules, the conclusion is inevitable that in this State a plaintiff can not avoid setting forth the particulars of the negligence relied on by averring that such matters are more peculiarly within the knowledge of the defendant, and can not, for want of information, be alleged. What proof of negligence could be offered when he avers that he can not, for want of information, allege any specific act of negligence? We are not unmindful of the fact that hardship may sometimes result from the application of this rule in given cases, but we entertain no doubt that the conclusion we have reached is correct. Nor are the averments in the present case aided by the maxim res ipsa loquitur." Without question the instant case is one of those cases where hardship results by the application of the rule laid down in the *Hudgins* case as pointed out by Presiding Justice Fish. Under such rule we suppose the only remedy the plaintiff here had was to either speculate as to what occurred in the operating room and take a chance that he might prove those speculations by some unforeseen evidence or by some means of clairvoyance ascertain what really happened while he was under anesthetic. However hard we may think this rule is, we are bound thereby and under the rule in the *Hudgins* case, the court did not err in dismissing the petition after the plaintiff failed to amend to meet the special demurrers.

2.   The court did not err in sustaining the general demurrer to the petition.   It was not alleged that the doctor performing the operation was an agent of the defendants and, properly construed on general demurrer, we must construe the pleadings as showing that the doctor was not such an agent.   He performed the operation and in performing that operation had access to that portion of the plaintiff's body on which he suffered a burn. While the plaintiff alleges that he was in the exclusive custody and control of the defendants' agent, that allegation is refuted by the allegation that a person not an agent of the hospital operated on him and had access to his body.   Under the pleadings the most that the plaintiff could prove was that while in the operating room he was injured and mere proof of this fact would not preclude the hypothesis that the injury was occasioned by the doctor rather than by the defendants' servants.   *Milton v. Mitchell County Electric Membership Assn.*, 64 *Ga. App.* 63, 66, supra.

The court did not err in sustaining the general demurrer and the special demurrers treated above and in dismissing the action.

*Judgment affirmed.   Quillian and Nichols, JJ., concur.*