37217. WELFARE FINANCE CORPORATION *v.* WATERS.

DECIDED JULY 16, 1958.

*Joel J. Fryer, Sam G. Dettelbach,* for plaintiff in error.
*Zachary & Hunter, W. E. Zachary, John C. Hunter,* contra.
QUILLIAN, Judge. ■ In the interest of clarity this opinion
refers to Welfare Finance Corporation as the defendant, and

Clyde Waters as the plaintiff, the parties having occupied in the trial court the relations to the case indicated.

The one question for decision by this court is whether the judgment of the trial court overruling the general demurrer to the petition was right or wrong.

The suit is for the breach of the implied warranty, which under the provisions of Code § 96-301 is attached to every sale of personalty, that the seller has a valid title to the chattel sold. The elements of an action of this nature are the invalidity of the seller's title and loss to the buyer. A petition which by its allegations makes both of these elements appear is not subject to demurrer.

If the automobile was encumbered by the conditional-sale contract the instrument would necessarily be a valid legal document. This is true because legal lexicographers define the word encumber to mean the placing of the burden of a legal liability upon property. Words and Phrases, Volume 20, p. 588. The legal efficacy of the instrument could also be inferred from the alleged fact that the plaintiff was forced to satisfy the same in order to protect the title of his vendee.

The petition shows a breach of the warranty, and loss to plaintiff appears from its allegations. Where through the failure of a warranty in the sale of personalty the vendee becomes liable to pay a sum of money and discharges the liability by paying the money he has unquestionably sustained a loss. The holder of a conditional-sale contract, duly recorded in compliance with the statutes pertaining to recordation of such instrument, may, in an action of trover, recover a money verdict against any person who subsequently to the recordation of the contract has possessed and disposed of the chattels described therein. *Branch* v. *Planters Loan &c. Bank*, 75 *Ga.* 342.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*