38670.   REVLON, INC. v. MURDOCK.

Decided May 31, 1961—Rehearing denied June 14, 1961.

*Congdon, Holley & Smith, R. Eugene Holley,* for plaintiff in error.

*Harris, Chance, McCracken & Harrison, Henry T. Chance,* contra.

JORDAN, Judge. The decision of this case must rest on the meaning of an act passed in 1957 (Ga. L. 1957, p. 405; *Code Ann.* § 96-307), which reads as follows: "The manufacturer of any personal property sold as new property, either directly or through wholesale or retail dealers, or any other person, shall warrant the following to the ultimate consumer, who, however, must exercise caution when purchasing to detect defects, and, provided there is no express covenant of warranty and no agreement to the contrary:

"1. The article sold is merchantable and reasonably suited to the use intended.

"2. The manufacturer knows of no latent defects undisclosed."

The plaintiff in the instant case is an employee of the purchaser of the defendant's product who was injured while using the product for the purpose expected and intended by the manufacturer. The question is whether or not the plaintiff is embraced within the term "ultimate consumer" as used in this statute.

The petition in the instant case is not based on any express warranty since there was no privity between the plaintiff and

the defendant and is not a negligence action against the defendant, leaving the cause of action based on an implied warranty. Prior to the enactment of this statute, a manufacturer from whom the product had not been purchased directly was not liable to the purchaser on an implied warranty. *Young v. Certainteed Products Corp.*, 35 Ga. App. 419 (133 S. E. 279). As pointed out in *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 784 (62 S. E. 2d 198): "We recognize the principle that implied warranties of law are imposed only as between parties in privity of contract, but they are rules of law which the law imposes on contracting parties. Generally the law does not bridge the gap between the manufacturer and ultimate purchasers by implying warranties, but it throws up no barrier preventing a manufacturer from itself bridging the gap." This was a 1950 decision and it was the apparent intention of the 1957 act to bridge the gap between the manufacturer and the ultimate purchaser by implying the warranties contained in the 1957 act in the absence of an express agreement or warranty to the contrary.

The language of *Code* § 96-307 uses the word "ultimate consumer", which term standing alone is certainly broad enough to include any user of the product, whether a purchaser or otherwise. However, following the use of such term is the language "who, however, must exercise caution when purchasing to detect defects," which language restricts the broader term "ultimate consumer" to that of a purchaser. Looking further to determine the intent of the legislature, we find the following language in the title and the preamble preceding the enacting clause:

"Sales of new personal property—implied warranty of manufacturer.

No. 342 (House Bill No. 221).

An Act to provide that the manufacturer of any new personal property *sold either directly to the ultimate consumer or through some other person*, shall be deemed to impart certain implied warranties *to said consumer*, unless the contrary is expressly provided; to repeal conflicting laws; and for other purposes." (Underscoring supplied).

This language clearly indicates that the term "ultimate con-

sumer" as used in this act means a purchaser, such purchaser being able to rely on the implied warranties whether he be a purchaser directly from the manufacturer or through some other person such as a wholesaler or retailer. In view of the language used in this act we cannot conclude that it was the intent of the legislature to extend such implied warranties to every consumer or user unless such consumer or user is also a purchaser.

Since, under the allegations of the petition in the instant case, the plaintiff was not a purchaser, or even the ultimate consumer, of the product causing her injury, she could not rely upon the implied warranties mentioned in the act. Since her petition is based on such implied warranties, it was subject to the general demurrer.

This case does not come within the line of cases cited in the brief of the defendant in error giving a right of action to plaintiffs in a negligence action against a manufacturer, nor is it within the line of cases allowing recovery where there is no privity of contract, such as when the product causing the injury is inherently dangerous or a food or similar article to be taken internally, or a food container.

The 1957 act under consideration was held to be not unconstitutional in the case of *Bookholt v. General Motors Corp.*, 215 Ga. 391 (110 S. E. 2d 642). This is the first time, however, that a construction of this statute has been made by the appellate courts of this State. Of course, the cardinal rule in construction of all statutes is to ascertain the intention of the legislature in the enactment of the statute involved. This statute being in derogation of the common law must be strictly construed. In such case, we can only conclude that the benefits of this statute run only to a consumer who is a purchaser either directly from the manufacturer or from some other person. Since the plaintiff in this case does not fit into such category, the trial court erred in overruling the general demurrer of the defendant.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*