40568, 40569.   WOOD v. HUB MOTOR COMPANY et al.
(two cases).

Decided June 30, 1964—Rehearing denied July 21, 1964.

*Benjamin B. Garland, J. Richmond Garland, M. T. Hartman, III,* for plaintiffs in error.

*Smith, Ringel, Martin, Ansley & Carr, Ralph H. Witt, H. A. Stephens, Jr., T. J. Long, Ben Weinberg, Jr.,* contra.

HALL, Judge. ■ In 1957 the General Assembly imposed implied warranties by manufacturers of personal property sold in this State. Ga. L. 1957, p. 405; *Code Ann.* § 96-307: "The manufacturer of any personal property sold as new property, either directly or through wholesale or retail dealers, or any other person, shall warrant the following to the ultimate consumer, who, however, must exercise caution when purchasing to detect defects, and, provided there is no express covenant of warranty and no agreement to the contrary: 1. The article sold is merchantable and reasonably suited to the use intended. 2. The manufacturer knows of no latent defects undisclosed." This law has now been repealed (Ga. L. 1962, pp. 156, 427), but was in effect at the time of the sale upon which these actions are founded. (Under § 109A-2—314 of the Georgia Uniform Commercial Code, effective January 1, 1964, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ga. L. 1962, p. 156.

The petition of Mr. Wood, who purchased the automobile, alleged: The automobile was not merchantable and reasonably suited for the uses intended in that, while it was being driven in a normal and careful way it suddenly, unexpectedly, and without warning became unmanageable and uncontrollable and veered into the wrong lane of traffic and collided with another vehicle, and both of them were demolished. Latent mechanical defects between the steering mechanism and the front wheels, which existed at the time of manufacture, caused the malfunc-

tion. At the time he purchased the automobile he exercised caution to detect defects, but discovered none, and neither he nor Mrs. Wood knew of the defects until the time of the collision. The automobile had been driven approximately 11,500 miles at the time of said collision; it was reasonably expected to provide safe and efficient transportation for at least two years or 25,000 miles, whichever came first. Between the time of the purchase of the automobile and the collision, the automobile was not involved in any other wreck, was driven with caution, and serviced in accordance with instructions furnished by defendants. At the time of the collision, the automobile was being operated in a normal and safe manner and no external cause of failure (other than the latent defects) made it veer into the wrong lane of traffic and collide with another vehicle. The *innumerable parts of the steering mechanism* were so badly damaged that it was impossible for the plaintiff to allege what particular part caused the automobile to become unmanageable and uncontrollable.

The trial court sustained the general demurrer as well as special demurrers attacking the above allegations, piecemeal and generally, as being conclusions unsupported by facts alleged, too indefinite and uncertain, and insufficient to put the defendant on notice as to the plaintiff's contentions as to the nature and location of the alleged latent defects and enable the defendant to properly prepare its defense.

The statutory implied warranty is "an obligation that the law places on a party as a result of some transaction entered into"; it is not a contractual obligation. *Bookholt v. General Motors Corp.*, 215 Ga. 391, 394 (110 SE2d 642). Accord: *Bond & Maxwell v. Perrin*, 145 Ga. 200, 209 (88 SE 954); *Colt Co. v. Bridges*, 162 Ga. 154, 158 (132 SE 889); *A. D. L. Sales Co. v. Gailey*, 48 Ga. App. 798 (173 SE 734); *Smith v. Eastern Light Co.*, 49 Ga. App. 593 (176 SE 545). It remains effective for a reasonable time. 46 Cornell L. Q. 607, 612. Breach and consequent damages complete a cause of action on an implied warranty. A petition which makes both of these elements appear is not subject to demurrer. *Welfare Finance Corp. v. Waters*, 98 Ga. App. 20, 23 (104 SE2d 669). This petition shows a transaction cov-

ered by the statute. The plaintiff need only show that the automobile was not reasonably suited for the purposes for which it was commonly intended and that because of its unsuitability he was damaged.

Negligence is not an element of breach of warranty. If goods do not conform to the warranty, the warrantor's utmost care will not relieve him of liability. We may assume that proof would show that the defect and failure of the machine to function properly was not due to any negligence of the manufacturer. This will not impair the plaintiff's cause of action under the statute. Accord Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358 (161 A2d 69); Greeman v. Yuba Power Products, Inc., 59 Cal. 2d 57 (377 P2d 897); Goldberg v. Kollsman Instrument Corp., 12 NY2d 432 (191 NE2d 81). The purpose of the statute is ". . . that the enterprise which causes losses should lift them from the individual victims and distribute them widely among those who benefit from the activities of the enterprise. . . . This would include strict liability on the part of the manufacturer upon an implied warranty for unreasonable dangers lurking in any kind of product." James, "General Products—Should Manufacturers Be Liable Without Negligence?", 24 Tenn. L. Rev. 923, 924, 925; Noel, "Strict Liability of Manufacturers", 50 American B. J. 446; 1 Williston On Sales 617, § 237.

We recognize that some negligence cases have held that facts which in evidence would give rise to an inference of negligence without proof of a specific negligent act are insufficient to pass the test of pleading when no specific act of negligence is alleged; "res ipsa loquitur" cannot aid pleadings. See Hudgins v. Coca-Cola Bottling Co., 122 Ga. 695 (50 SE 974). These precedents are not applicable, however, in this action upon statutory implied warranties. Certainly "res ipsa loquitur," a rule of negligence law, has no application to a suit upon a statutory implied warranty.

Our courts have always held that the facts of a cause of action must be so plainly and fully and distinctly set forth as to inform the opposite party of the grounds of the plaintiff's action, and enable him to prepare his defense; to enable the jury to

find an intelligible and complete verdict; and to enable the court to declare distinctly the law of the case. *Murphy v. Lawrence,* 2 Ga. 257, 258; *Southern R. Co. v. Lunsford,* 50 Ga. App. 829, 834 (179 SE 571), reversed on other grounds, 297 U. S. 398 (56 SC 504, 80 LE 740); *Georgia-Alabama Coca-Cola Bottling Co. v. White,* 55 Ga. App. 706, 713 (191 SE 265).

"While a plaintiff is required to set out his cause of action in a full, complete, and definite manner, in order that the defendant may, without difficulty, understand the nature of the plaintiff's charge or demand, and make preparation to meet it (Civil Code § 5538), this requirement is to be liberally construed (*Kemp v. Central &c. R. Co.,* 122 Ga. 559, 50 SE 465), and a plaintiff is not required to allege impossible particulars or unnecessary details (*Bittick v. Georgia &c. R. Co.,* 136 Ga. 138, 70 SE 106), nor is a plaintiff required to set forth in his petition the evidence relied on to make out his cause of action, it being sufficient if he alleges enough to inform the opposite party of the grounds of his action, and to enable the jury to find an intelligible and complete verdict, and enable the court to declare distinctly the law of the case. *Cedartown Cotton &c. Co. v. Miles,* 2 Ga. App. 79 (58 SE 289); *Wrightsville &c. R. Co. v. Vaughn,* 9 Ga. App. 371 (2), 377 (71 SE 691)." *Watts v. Rich,* 49 Ga. App. 334, 335 (175 SE 417).

"Ultimate facts are conclusions drawn from intermediate and evidentiary facts, or allegations of mixed law and fact; they are conclusions from reflection and natural reasoning on evidentiary facts. The ultimate facts which are to be pleaded are the issuable, constitutive, or traversable facts essential to the statement of the cause of action; the facts which the evidence on the trial will prove, and not the evidence which will be required to prove the existence of those facts." 71 CJS 33-34, § 12. Ultimate facts ". . . are necessarily conclusions and inference from other proved facts as distinguished from conclusions of law. Allegations of conclusions of law must be supported by facts justifying them, but allegations of ultimate facts need not be supported by the allegation of evidentiary facts by which the ultimate facts are to be proved." *Guardian Life Ins. Co. v. McMichael,* 74 Ga. App. 53, 55 (38 SE2d 689).

"Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for recovery." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Baker v. Goddard,* 205 Ga. 477, 479 (53 SE2d 754). If the pleader goes further and pleads evidentiary facts, he thereby renders his pleading subject to special demurrer. *Oxford v. Shuman,* 106 Ga. App. 73, 84 (126 SE2d 522); *Martin v. Greer,* 31 Ga. App. 625 (2) (121 SE 688); *Phipps Lumber Co. v. Albany Hdw. &c. Co.,* 42 Ga. App. 820 (157 SE 702); *Maynard v. Armour Fertilizer Works,* 138 Ga. 549 (75 SE 582); *Alabama Const. Co. v. Continental Car &c. Co.,* 131 Ga. 365, 367 (62 SE 160); *Tanner v. National Cas. Co.,* 214 Ga. 705, 707 (107 SE2d 182). The principles enunciated above are also applicable under the ancient rules of common law pleading. Cases on Common-Law Pleading by Keigwin, 329; Shipman on Common-Law Pleading, 492.

The defendant contends that in the present case it was necessary for the plaintiff to plead what part of the steering system was defective. On this question our courts have held ". . . structural descriptions of defects alleged in machinery are not required in order to give the necessary certainty. To state specific concrete improper results which a machine in question produced is often sufficient to describe a defect definitely" *Atlantic C. L. R. Co. v. Davis & Brandon,* 5 Ga. App. 214, 217 (62 SE 1022) (defective locomotive smokestack); *Hubbard v. Macon R. &c. Co.,* 5 Ga. App. 223, 226 (62 SE 1018) (defective valve); *King Hardware Co. v. Ennis,* 39 Ga. App. 355, 364 (147 SE 119) (defective cooking stove—plaintiff "unable to set out specially and in detail the particulars in which said stove was defectively constructed"); *Bittick & Mays v. Georgia, Fla. &c. R. Co.,* 136 Ga. 138, 140 (70 SE 1106) (defective engine throwing out sparks). "A defect in a machine may be described by showing that the machine was in such condition that it produced certain definitely described results which a machine not defective would not and should not produce. It is not necessary to describe minutely or particularly the physical appearance of the parts alleged to be defective." *Charleston & W. C. R. Co.*

108

*v. Attaway,* 7 Ga. App. 231 (2a) (66 SE 548); *King Hardware Co. v. Ennis,* supra.

The allegation of an ultimate fact is not demurrable as a conclusion unless the petition affirmatively contradicts it. *Etheridge Motors, Inc. v. Haynie,* 103 Ga. App. 676, 679 (120 SE2d 317). "A conclusion in a pleading is not subject to special demurrer if the inference stated therein may be legitimately drawn from the special facts pleaded. . ." *Saliba v. Saliba,* 202 Ga. 279 (9) (42 SE2d 748); *McWhorter v. Settle,* 202 Ga. 334, 335 (4) (43 SE2d 247); *Morgan v. Crowley,* 91 Ga. App. 58, 69 (85 SE2d 40); *Midland Properties Co. v. Farmer,* 100 Ga. App. 8, 25 (110 SE2d 100); *Allen v. Arthurs,* 106 Ga. App. 682 (127 SE2d 819). It is not an unreasonable and unwarranted conclusion to say that when an automobile while in normal use suddenly becomes uncontrollable because of a defect and failure of the parts by which it is steered and controlled, it is not suitable for the use for which it is commonly intended—driving on the streets and highways. Whether or not the conclusions alleged in a particular case are warranted by the specific allegations upon which they are based will ultimately become a question for the jury, based on all the evidence. *Hawley &c. Furnace Co. v. Van Winkle Gin Works,* 4 Ga. App. 85, 89 (60 SE 1008); *Macon Telegraph Pub. Co. v. Graden,* 79 Ga. App. 230, 236 (53 SE2d 371). We can test the substance of a petition by asking, can the defendant admit all that is alleged (well-pleaded) and escape liability? *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, 4 (123 SE2d 310); *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785, 787 (131 SE2d 575).

Admittedly the petition may present a formidable problem of proof on the part of the plaintiff, a problem which we do not reach. See Ashe, "So You're Going to Try A Products Liability Case," 13 Hasting L. J. 66; Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358, supra; 46 Cornell L. Q. 607; 40 Oregon L. R. 364; 78 ALR2d 460-588; 50 American B. J. 446. The plaintiff has alleged facts which, if he can prove them by direct or circumstantial evidence, will entitle him to recover. Accord: *Raines v. Jones,* 96 Ga. App. 412, 415 (100 SE2d 157).

The petition of Mr. Wood, the purchaser, shows that Ford

Motor Company placed a new automobile in the stream of trade, that the plaintiff purchased the automobile from a retail dealer, that a latent defect (between the steering mechanism and the front wheels) in the automobile existing at the time it left the manufacturer caused it to be unmerchantable and not reasonably suited for the use intended in that it became unmanageable and uncontrollable while being operated upon the highway, and that the plaintiff was damaged as a consequence of the defective mechanism. It meets the test prescribed by our courts for adequate pleading of a cause of action on statutory implied warranty, and states a cause of action against the manufacturer under the 1957 Act (former *Code Ann.* § 96-307).

The petition of Mrs. Wood, who at the time of the collision was the fiancee of the owner of the automobile, shows that she was not a purchaser of the automobile and not covered by the provisions of the 1957 Act, supra, and therefore not entitled to sue the manufacturer on the implied warranty imposed by the statute. *Revlon, Inc. v. Murdock,* 103 Ga. App. 842 (120 SE2d 912). Cf. Georgia Uniform Commercial Code (*Code Ann.* § 109A-2—318).

■ Until 1964 Georgia had a statute, an early codification of the general law, providing that the seller of personal property "(unless expressly or from the nature of the transaction excepted) warrants that. . . The article sold is merchantable, and reasonably suited to the use intended." Code of 1863, § 2607; (1933) *Code* § 96-301; *Roebling's Sons Co. v. Southern Power Co.,* 142 Ga. 464, 478 (83 SE 138, LRA 1915B 900). This statute has been repealed. Ga. L. 1962, pp. 156, 427. (Effective January 1, 1964). While the statute existed, however, this court held that the sale of articles procured from reputable manufacturers, which in practical use in retail trade [the seller] cannot feasibly examine for imperfections, is not subject to the implied warranty. *Maroney v. Montgomery Ward & Co.,* 72 Ga. App. 485 (34 SE2d 302). Cf. Sections 109A-2—312 et seq. of the Georgia Uniform Commercial Code, supra.

The trial court erred in sustaining the general demurrer of Ford Motor Company and dismissing Mr. Wood's petition, and erred in sustaining the special demurrers of Ford Motor Company except special demurrer number 5 to paragraph 11 of Mr.

Wood's petition as amended. The trial court did not err in sustaining said demurrer number 5. The trial court did not err in sustaining the demurrers of Hub Motor Company to Mr. Wood's petition and in dismissing Mrs. Wood's petition against both defendants.

Judgment in Case No. 40568 sustaining general and special demurrers of Ford Motor Company reversed except as to the sustaining of demurrer number 5 to paragraph 11 of the petition, the sustaining of that demurrer being affirmed.

*Judgment in Case No. 40568 sustaining demurrers of Hub Motor Company affirmed. Judgments in Case No. 40569 sustaining demurrers of Ford Motor Company and Hub Motor Company affirmed. Felton, C. J., Bell, P. J., Jordan, Eberhardt and Russell, JJ., concur. Nichols, P. J., Frankum and Pannell, JJ., dissent.*

NICHOLS, Presiding Judge, dissenting. While I concur in the second division of the opinion which deals with the sufficiency of the allegations as against Hub Motor Company, as well as that part of the first division of the opinion which holds that under the decision in *Revlon, Inc. v. Murdock*, 103 Ga. App. 842 (120 SE2d 912), no cause of action was set forth in the petition of Mrs. Wood, I must dissent from the holding that the trial court erred in sustaining certain of the special and general demurrers of Ford Motor Company which attack Mr. Wood's petition.

The sole question that will be dealt with in this dissent is whether the trial court erred in sustaining the demurrers of the defendant Motor Company to the petition of the purchaser of the automobile. The Act of 1957 (Ga. L. 1957, p. 405; *Code Ann.* § 96-307), supra, provides (in the absence of a contract to the contrary), for an implied warranty by the manufacturer to the ultimate consumer purchasing personalty new whether sold through a dealer or direct. This implied warranty warrants: (1) That the article sold is merchantable and reasonably suited for the purpose intended, and (2) That the manufacturer knows of no latent defects undisclosed.

While the plaintiff alleges that the automobile contained at the time of manufacture latent undisclosed defects, the plaintiff

nowhere alleges that the manufacturer knew of such defects or that the manufacturer, in constructing such automobile, should have known of such defects. In the absence of an allegation of actual knowledge on the part of the manufacturer, or of facts showing that it should have known of such latent defects, no cause of action would lie under such second part of the statute, although, it may be that had such facts been alleged a cause of action would have been set out regardless of whether the statute had been enacted. See *Washburn Storage Co. v. General Motors Corp.*, 90 Ga. App. 380 (83 SE2d 26), and cases cited.

The sole remaining question is whether the petition stated a cause of action because the automobile was not merchantable and not reasonably suited for the use intended. It is contended that the automobile was not merchantable and not reasonably suited for the use intended because it contained a latent mechanical defect between the steering mechanism and the front wheels. By amendment it was alleged that because of the impact of the collision the innumerable parts of the steering system were so badly damaged that it would be impossible for the plaintiff to allege what particular part caused the automobile to become unmanageable and uncontrollable.

The allegation that some defect existed was attacked as a conclusion unsupported by well pleaded fact and by a demand that the defective part be named. In *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695, 698 (50 SE 974), the Supreme Court held that the doctrine of res ipsa loquitur had no application to pleadings but *is a rule of evidence*. See also *Eaton v. Blue Flame Gas Co.*, 91 Ga. App. 510 (86 SE2d 334). Accordingly, allegations which, if proved by evidence on the trial of the case, would authorize the doctrine of res ipsa loquitur are insufficient to withstand demurrer. The allegations of some latent defect between the steering mechanism and the front wheels is but a conclusion of the pleader and the further allegation that the steering system was so damaged after the collision that it would be impossible for the plaintiff to allege which part caused the automobile to become unmanageable and uncontrollable does not aid such pleadings. See *Howell v. Executive*

*Committee of The Baptist Convention,* 95 Ga. App. 801 (99 SE2d 172).

This case, like the case of *Wilkinson v. Rich's, Inc.,* 77 Ga. App. 239 (48 SE2d 552), is based upon the theory that the article carried an implied warranty that the article was merchantable and reasonably suited for the use intended, and as there held, mere allegations of conclusions must yield on demurrer to the facts alleged. The facts alleged show that it is impossible to determine if in fact a latent defect existed which made the automobile not merchantable and not reasonably suited for the purpose intended. Accordingly, the trial court did not err in sustaining the special demurrers of Ford Motor Company which attacked the allegations referred to above and called for specific allegations as to the purported latent defect, nor did the trial court err in sustaining the general demurrer of such defendant.

The cases cited in the majority opinion in support of the holding that it is not necessary to allege the specific mechanical defect do not authorize the decision reached. In *Atlantic C. L. R. Co. v. Davis & Brandon,* 5 Ga. App. 214, supra, the defect was alleged to be in the spark arrestor, a specific part of the smokestack, and the cause of action was also based on the failure to keep the railroad right of way reasonably clear of combustible materials. In *Hubbard v. Macon R. &c. Co.,* 5 Ga. App. 223, supra, the defect was alleged to be the "leaky valve" of a pump. In *King Hdw. Co. v. Ennis,* 39 Ga. App. 355, supra, the defective part was a "pipe" leading from a gasoline storage tank to the burners on the stove. In *Bittick & Mays v. Georgia, Fla. &c. R. Co.,* 136 Ga. 138, supra, the allegations were that the "defendant was negligent in not equipping its engines with sufficient appliances for the purpose of arresting sparks from its furnace" as well as negligent operation. In *Charleston &c. R. Co. v. Attaway,* 7 Ga. App. 231, supra, while not shown by the reported opinion, the defective part was, as shown by the record on file in this court, a described "lever" on described machinery.

None of the cases relied upon by the majority supports the proposition that "good pleading" permits a plaintiff to allege

as a conclusion that which he admits he cannot prove. In *Gregory v. Taylor*, 84 Ga. App. 717 (67 SE2d 192), it was pointed out that allegations of an injury caused "through some defect . . . *or some cause unknown to the petitioner*" are insufficient to withstand a general demurrer. The allegation that because of the impact of the collision the innumerable parts of the steering system were so badly damaged that it would be impossible for the plaintiff to allege what particular part caused the automobile to become unmanageable and uncontrollable is no more than an allegation that for some cause unknown to the petitioner the automobile became unmanageable and uncontrollable.

While the *Hudgins* case, the *Howell* case and the *Gregory* case, all supra, all dealt with negligence, the same rules of pleadings apply equally to negligence cases as they do to warranty cases, and while it is not necessary in a warranty case such as this to prove negligence on the part of the defendant, it is necessary to prove a defect in the item warranted.

I am authorized to say that Frankum and Pannell, JJ., concur in this dissent.

ON MOTION OF FORD MOTOR CO. FOR REHEARING.

The petition alleges that the motor vehicle "contained at the time of its manufacture, latent undisclosed defects which made same inherently and imminently dangerous, in that said motor vehicle would not function as same was supposed to and became unmanageable and uncontrollable, as shown herein," and alleges in another paragraph that "no external cause of failure (other than the latent defects in said motor vehicle) made same veer from its northbound traffic lane—some mechanical defects between the steering mechanism and the front wheels, unknown to the plaintiff, which existed in the motor vehicle at the time of the purchase thereof, being the cause of such malfunction. . . ." The defendant contends that these allegations are not related and that the petition does not allege, as stated in the court's opinion, that the latent defects were present in the automobile at the time of its manufacture.

The allegations of a petition, as amended must be considered

as a whole. *G. & R. Waterproofing Co. v. Brogdon,* 104 Ga. App. 112 (121 SE2d 77); *Southern Bonded Warehouse Co. v. Roadway Exp., Inc.,* 104 Ga. App. 458 (122 SE2d 147); *Frazier v. Southern R. Co.,* 200 Ga. 590, 597 (37 SE2d 774). There is utterly no inconsistency or conflict between the two above allegations. It would indeed require a strained and unnatural construction to infer from this petition that the defects described are alleged to exist at the time of purchase and at the time the steering mechanism failed but are not alleged to be present at the time of manufacture. Such an inference would be unreasonable and against the pleader's intendment and is not required by the cases cited by the defendant to the effect that pleadings are to be construed most strongly against the pleader. *National Fire Ins. Co. v. Banister,* 104 Ga. App. 13 (1) (121 SE2d 46); *Southern Bonded Warehouse Co. v. Roadway Exp., Inc.,* 104 Ga. App. 458 (1), supra; *Friedman v. Sawan, Inc.,* 103 Ga. App. 500, 503 (119 SE2d 707); *Raines v. Jones,* 96 Ga. App. 412, 414, supra; *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785, 787, supra; *New Cigar Co. v. Broken Spur, Inc.,* 103 Ga. App. 395, 398 (119 SE2d 133); *Georgia Power Co. v. Leonard,* 187 Ga. 608, 614 (1 SE2d 579).

The petition, considered as a whole, alleges that the defect existed at the time of manufacture, at the time of purchase and at the time of the collision. All three of these allegations are necessary elements of the plaintiff's cause of action based upon the statutory implied warranty.

*Motion for rehearing denied.*