## 14166

### THACKSTON v. SHELTON

(182 S. E., 436)

*Mr. W. G. Sirrine,* for appellant,

*Messrs. Love & Thornton,* for respondent,

November 9, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On May 4, 1931, Greenville Motor Company, a corporation, of which the respondent herein was president and a director, sold a Nash coach to appellant, who paid $200.00 down and gave a mortgage for the balance of the purchase price. Thereafter, appellant paid sums additional, aggregating $56.00, or a total of $256.00. On the 5th day of January, 1932, Greenville Motor Company brought a purchase price attachment proceeding against appellant for the automobile, claiming a past-due balance of $65.00, and respondent

signed the attachment bond of Greenville Motor Company. Appellant (defendant in that proceeding) did not file a bond for the release of the attachment, but answered and set up a counterclaim for the $256.00 paid, alleging that the automobile was known to be defective when sold him, and after several trials of the case, including one appeal to the Supreme Court, finally recovered a judgment against Greenville Motor Company for the $256.00 claimed, which judgment was duly entered and costs taxed. Execution was issued and the sheriff of Greenville County made a "Nulla Bona" return on said execution. The automobile in question was appropriated by Greenville Motor Company.

The present action was begun by A. J. Thackston, appellant, against W. M. Shelton, respondent, on February 14, 1934, appellant setting forth in his complaint two causes of action, the first to recover damages under the attachment bond, signed by respondent, and the second, for damages in tort for alleged fraud and deceit on the part of respondent in inducing appellant to purchase the automobile in question on May 4, 1931.

Paragraphs two and four of appellant's second cause of action were as follows:

"2. That defendant, W. M. Shelton, both individually and as president of Greenville Motor Company, had knowledge that the automobile which is the subject of this action was traded in with a fractured water jacket or other imperfection which caused the motor to overheat, and he or his agents and servants who demonstrated the automobile to A. J. Thackston, represented that the automobile was in good condition and all of them concealed the fact that the automobile was defective. Notwithstanding his knowledge of its unsound mechanical condition, the defendant caused the automobile to be sold to the plaintiff and he is thereby liable on account of such fraudulent obtaining of the plaintiff's money for the return thereof and actual and punitive damages in addition to the amount of the bond."

"4. Plaintiff has suffered damages as follows: Interest for the use of the purchase money more than two years, Forty and No/100 ($40.00) Dollars; *loss of time attending Court, assembling witnesses, and making preparation for trial, twelve days, Twenty-Seven and No/100 ($27.00) Dollars; guaranteeing witnesses their fees, Twenty-seven and No/100 ($27.00) Dollars, amounting in all, in addition to damages set forth in the first cause of action to Ninety One and No/100 ($91.00) Dollars, to which should be added the amount of the judgment, Two Hundred Fifty Six and No/100 ($256.00) Dollars.*"

Paragraph three of appellant's second cause of action was on motion stricken from the complaint with the consent of appellant, and thereafter, on motion, beginning with the words "loss of time" in Paragraph four of the second cause of action, the remainder of said paragraph was ordered stricken from the complaint, and appellant has excepted to the order of the Circuit Judge striking out said portion of said Paragraph four.

The order just above referred to was made by Honorable G. Dewey Oxner, Circuit Judge.

Thereafter, respondent demurred to amended complaint of plaintiff upon the ground that the two causes of action had been improperly united therein, in that the first cause of action stated an action *ex contractu,* while the second cause of action stated an action *ex delicto.*

Following the service of this notice of demurrer, and subject thereto, respondent served his answer, denying liability on either cause of action, and as to the second cause of action, set up a general denial.

The demurrer was not argued until the case was called for trial before his Honor, C. C. Featherstone, presiding Judge, at which time, after hearing argument, Judge Featherstone sustained the demurrer, giving as his reason therefor that the first cause of action was on an attachment of bond that grew out of an attachment brought by Greenville Motor

Company, on which respondent was surety, and that it made no difference whether respondent was the president of the company or not; and that the second cause of action "grew out of the transaction, not the attachment proceedings, but grew out of the transaction of the sale of the car," and that appellant would have to elect on which cause of action he would proceed. The said presiding Judge then passed a formal order as follows: "The above entitled cause came before me this date upon the demurrer heretofore served by the attorneys for the defendant, the grounds thereof being that the complaint of the plaintiff contained one cause of action *ex contractu* and another *ex delicto*. After argument of counsel, and upon the Court announcing its decision, the attorney for the plaintiff stated that he would elect to go to trial upon the second cause of action as stated in his complaint as amended. It is therefore, ordered, that the demurrer of the defendant be and the same is hereby sustained, and it is further ordered, that the trial proceed upon the second cause of action as stated in the amended complaint of the plaintiff."

Appellant thereupon reserved his rights and proceeded to trial on the second cause of action, that is, the action *ex delicto*.

The rulings and order of Judge Featherstone above were excepted to by appellant and are now before this Court.

The presiding Judge held in effect that plaintiff had stated two causes of action, but that under the circumstances as disclosed by the allegations in the complaint, they could not be united in the same complaint. In this we agree, for the first cause of action is admittedly a suit on the bond signed by respondent as surety in the attachment proceeding, and the second cause of action is one in tort based on fraud and deceit practiced at the time of the sale of the car to appellant.

By sustaining the demurrer on the ground that two causes of action had been improperly united, nothing was adjudicated as to the sufficiency of either cause

of action. While it is true that an election between two inconsistent rights extinguishes the right not elected, yet such is not the case here. See *Walker v. McDonald*, 136 S. C., 231, 134 S. E., 222; *Ebner v. Haverty Furniture Co.*, 138 S. C., 74, 136 S. E., 19. The effect of going to trial on the second cause of action was no greater than an amendment of the complaint by omitting the first cause of action, and is not a case of true election.

Upon a conclusion of the testimony, respondent, through his attorneys, moved for a directed verdict in favor of respondent, "upon the ground that there is a total absence of testimony showing that this car was sold to the plaintiff by the defendant, W. M. Shelton. On the contrary the testimony is undisputed that the car was sold to A. J. Thackston, plaintiff in this case, by the Greenville Motor Company. That subsequent thereto he made demands on the Greenville Motor Company for the return of his money. The record and evidence shows that he asserted, and he now seeks to assert against the defendant, Greenville Motor Company. Further, the undisputed testimony shows, fails to show that W. M. Shelton had any knowledge whatever of the condition in this car at the time of the sale.

"Also the undisputed testimony of the plaintiff is to the effect that the first conversation he had with Mr. Shelton was when he went back to talk to him about the car; and we think that the testimony wholly fails to show that the one statement that was made by Mr. Shelton was material or in the nature of a representation or warranty, such as the plaintiff could rely on."

The presiding Judge directed a verdict in favor of respondent, and in so doing, had among other things, the following to say: "Now, take the facts as shown here. The only testimony of the plaintiff himself is that he dealt with the Greenville Motor Company. He says that he had his dealing with Craft, another agent of the corporation, and that all that he testifies as to Shelton is that Shelton said you

made a good buy, you have made a good buy. That certainly would not constitute an expressed warranty; and while there was an implied warranty on the part of the corporation if a sound price was paid a sound commodity must be furnished. That implied warranty under those circumstances would not prevail against any individual ·or stockholder in the corporation."

A careful reading of the testimony discloses that the summary thereof, as stated by the trial Judge, is correct, and that the only reasonable inference or conclusion which could be drawn or reached was that respondent did not make any representations or warranties to appellant which induced him to part with his money and make the purchase. The testimony clearly shows that appellant had already decided to purchase the automobile, and it was when he went into the place of business of Greenville Motor Company with Mr. Craft, its agent, with whom he had been dealing, to pay the cash portion of the deal, that he encountered respondent, and upon respondent being informed that appellant was buying a car, respondent said it was "a good automobile, a good buy."

From the recent case of *Turner et al. v. American Motorists Ins. Co.*, 176 S. C., 260, 180 S. E., 55, 57, opinion by Mr. Justice Bonham, we quote:

"In the case of *Taylor v. Atlantic Coast Line R. Co.*, 78 S. C., 552, 556, 59 S. E., 641, 643, this Court said: 'A scintilla of evidence is *any material* evidence that, if true, would tend to establish the issue in the mind of a reasonable juror.' (Italics added.)

"Whilst adhering to the scintilla rule, this Court has recognized a rule supplemental to the scintilla rule, which is thus propounded in the case of *National Bank v. Thomas J. Barrett, Jr., & Co.*, 173 S. C., 1, 174 S. E., 581, 582: 'If it be conceded that there may be deduced by a process of unusual finesse of reasoning that there is a scintilla of evidence * * * nevertheless there is another rule,

more founded upon common sense and reason, to the effect that when only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the eviden [evidence?], it becomes a question of law for the Court, and not a question of fact for the jury.' "

The question raised under the exception to the order of Judge Oxner striking out certain portions of Paragraph four of the second cause of action, in view of the conclusion heretofore reached, becomes academic, and therefore unnecessary to pass upon.

Of course nothing herein decided affects appellant's right to pursue his first cause of action if he should deem proper.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.