Plaintiff, Sophronia Williams Strother, brought this suit against Villere Coal Co., Inc., to recover damages for personal injuries she sustained as the result of an explosion occurring in her fireplace when she was burning Red Ash coal which had been delivered to her residence by the defendant. She alleges that, on January 19, 1940, her husband purchased from the defendant corporation a ton of Monarch Red Ash coal which was delivered to her residence, No. 1828 Third Street in the City of New Orleans; that the coal was properly stored in a coal bin situated on the premises; that, on February 1, 1940, she placed a portion of the coal in the fireplace of her room and lighted a fire; that, as soon as the coal became hot and began to burn, a violent explosion occurred causing the coal to be expelled from the fireplace and strike her and that, as a consequence, she suffered severe personal injuries. She further alleges that, immediately after the explosion, a leaden bullet and its empty metal container was found in the room; that, while the explosion may have been caused, in part, by the discharge of the bullet, the magnitude and violence of the explosion indicated that some other combustive substance had been incorporated in the coal which, when heated, produced the explosion and her ensuing injuries. She prays for damages in the sum of $1,000.
The defendant interposed an exception of no cause of action to plaintiff's petition which was overruled by the court. Thereafter, it filed its answer denying generally the charges made by the plaintiff and prayed to be hence dismissed.
After a trial in the lower court on the issues thus presented by the pleadings, there was judgment in defendant's favor dismissing plaintiff's suit. She has appealed.
The facts of the case are not seriously in dispute and we find them to be as follows:
On January 19, 1940, Alcide Strother, who is presently the husband of plaintiff but with whom she was living at the time of, and many years prior to, the accident, purchased a ton of coal from the defendant corporation. This coal was delivered to him by the defendant at his domicile on Third street, where he and the plaintiff were living. (There is some conflict in the evidence as to whether the coal was put in the coal bin on the premises by defendant's employee or whether it was merely delivered to the front sidewalk of the premises, plaintiff contending that it was placed in the bin and the defendant's witnesses testifying to the contrary. However, this point is of no importance to the decision to be reached in the case.) Plaintiff asserts that, on February 1, 1940, or eleven days after the coal was delivered, she took some of the coal out of the bin in a scuttle, brought it into her room and, after placing it in the grate of the fireplace, lighted a fire and that, when the coal became heated and started to burn, a violent explosion occurred causing particles of coal to fly through the room, some of which struck her in the neck inflicting the injuries for which she seeks recovery. She further states that, soon after the explosion, she discovered a bullet and its discharged metal cartridge on the floor of the room. It is evident, from plaintiff's testimony, that the bullet was either in the grate or contained in the loose coal and *Page 385 
that, when the fire was started, the cartridge became heated and was discharged.
The defendant's evidence discloses that the Red Ash coal which had been sold by it to Alcide Strother was of usual quality; that it had been purchased at a coal mine in Monarch, Alabama, and shipped to defendant at New Orleans in gondolas, or open coal cars; that, when the shipment arrived, the coal was unloaded into defendant's trucks; that some of the coal was delivered by its drivers directly to its customers and that the remainder was taken to its coal yard and subsequently delivered to purchasers. It further offered evidence to show that its business, as retail coal dealer, is operated in the ordinary and usual manner adopted by other coal dealers in this section.
It is plain to us from the evidence in the case that the matter was correctly decided by the District Judge. There is not the slightest proof to show that the defendant was in any way responsible for the presence of the bullet in the coal, which bullet, according to plaintiff's own evidence, unquestionably caused the explosion. It is not shown that the bullet was imbedded in the coal; in fact, no one can say how the bullet, if it was among the loose lumps of coal at the time plaintiff started the fire, became commingled with it. It is just as reasonable to suppose that the bullet was placed, or was dropped, in the coal during the eleven days it had been on plaintiff's premises, as it would be to say that it was contained in the coal at the time it was sold by the defendant. Defendant has exhibited that it handles the coal sold by it in the ordinary manner adopted by other coal dealers and, surely, no duty rested upon it to make a minute inspection of all of the coal it was selling in order to ascertain whether some foreign substance had become commingled with it. This coal, which is purchased at the mine and shipped to the dealer in large open cars, is not the type of commodity which is likely to contain foreign substances of a dangerous nature and the dealer has no more (if as much) reason to anticipate the presence of such substances in it than the consumer to whom it is sold. And, in the absence of proof that the dealer had knowledge of the presence of the dangerous matter or should have discovered it by reasonable inspection, he is not liable.
Plaintiff's counsel seems to realize the weakness of his case with respect to plaintiff's inability to tender any proof showing fault on the part of the defendant. It is probably for this reason that the petition is drawn so as to make plaintiff's case one for damages for breach of an implied warranty in a contract of sale. And counsel cites and relies on, for the most part in his argument, Articles 2475 and 2476 of the Civil Code, which require the seller to warrant that the thing sold is fit for use for the purposes intended and that it is free from hidden defects or redhibitory vices.
The difficulty we find with counsel's contention is two-fold: First, there appears to be no privity of contract between plaintiff and defendant in this case because the coal was not sold to plaintiff but to her husband. In fact, at the time of the sale, Alcide Strother was not even plaintiff's husband.
Moreover, even if the coal had been sold to plaintiff, there is not the slightest suggestion contained in the record that it was not of good quality and usable for the purposes intended by the parties. There was neither a patent nor a hidden defect in the coal itself. On the contrary, the evidence discloses that the coal did not cause the explosion but that the bullet, which had been dropped either in the fireplace or had in some way become commingled in the coal, was the exclusive source of the damage. And, even though it could be said (which is not the case) that the presence of the bullet in the coal was a redhibitory vice, plaintiff's action for breach of contract would be limited to the restitution of the price of the coal, unless she would have been able to prove that the vendor knew of the vice and failed to declare it. See Coignard v. F.W. Woolworth Co., La.App., 175 So. 123.
Counsel for plaintiff contends that, in any event, the District Judge erred in dismissing the suit absolutely and that the judgment should have been one of non-suit. However, he does not maintain that, if a judgment of non-suit was rendered, plaintiff is in a position to offer additional proof to substantiate her claim. In these circumstances, the judge was correct in ending the litigation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 386