Charles V. KIRKLAND, Plaintiff,

v.

The LUMMUS COMPANY, Defendant.

William M. HOWARD, Plaintiff,

v.

The LUMMUS COMPANY, Defendant.

Civ. A. Nos. 2463, 2525.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
June 4, 1964.

Dodd, Hirsch, Barker, Avant & Wall, O. Romaine Russell, Baton Rouge, La., for plaintiffs.

Cahill, Gordon, Reindel & Ohl, Raymond L. Falls, Jr., New York City, Breazeale, Sachse & Wilson, Victor A. Sachse, Baton Rouge, La., for Lummus Co.

Taylor, Porter, Brooks, Fuller & Phillips, Frank M. Coates, Jr., Baton Rouge, La., for Shell Oil Co.

AINSWORTH, District Judge:

The question raised by the defendant's motion to dismiss is whether this is a tort action which is prescribed in one year under LSA–Civil Code Article 3536 or a contract action which prescribes in ten years under LSA–Civil Code Article 3544.

On November 25, 1958, the plaintiffs were injured by an explosion in the Wyandotte Chemical Corporation plant at Geismar, Louisiana. Kirkland and Howard, plaintiffs, were employees of Wyandotte. Diversity suits were filed by Kirkland on April 28, 1961 and Howard on October 3, 1961, apparently under their contention that these cases are prescribed under Louisiana law by ten years rather than one year. It is alleged that the explosion was caused by the failure of defendants, The Lummus Company and Shell Oil Company, to perform their services in a safe and workmanlike manner. The Lummus Company contracted with Wyandotte to construct the chemical plant where the plaintiffs were injured. Shell Oil Company contracted with Wyandotte to allow use of a patented process owned by Shell for the production of ethylene oxide. The facts in this case are not in dispute.

We assume this to be an action for breach of warranty and it is therefore necessary that there be privity of contract between the parties. Merrimack Mutual Fire Insurance Company v. Radalec, Inc., (La.App., 2 Cir., 1961), 126 So.2d 848; Strother v. Villere Coal Co., Inc., (Orleans App., 1943), 15 So.2d 383. There are some exceptions to the privity requirement but these are restricted to cases involving food and other products for personal use. LeBlanc v. Louisiana Coca Cola Bottling Co., (1952), 221 La. 919, 60 So.2d 873. When an action against a contractor is based on negligence, there need not be privity. Marine Insurance Company v. Strecker, (1957), 234 La. 522, 100 So.2d 493.[1] There was no privity of contract between plaintiffs and defendants and therefore no contractual liability. The ten-year prescription is therefore inapplicable. If, however, this is an action for negligence, it is prescribed under LSA–Civil Code Article 3536.

Plaintiffs contend that they are third-party beneficiaries of the contracts. After a full reading of these contracts, it is apparent that there are no stipulations in favor of third parties. The actual contracting parties were merely regulating the rights and obligations *inter sese*.

[1] We have applied Louisiana principles here because the involved contracts were to be performed and have effect in Louisiana. Restatement, Conflict of Laws, § 358; LSA–Civil Code Article 10.

There is no issue of material fact and movers are entitled as a matter of law to the judgment sought. Answers to the interrogatories propounded by plaintiff are not necessary to our decision. Rule 56, Fed.R.Civ.P.

Plaintiffs' suits having been filed more than one year after the accident in which they were injured, we hold that these suits are barred by the Louisiana prescription statute of one-year already referred to, and are therefore dismissed.