## 40953, 40961. R. H. MACY & COMPANY, INC. v. VEST; and vice versa.

PANNELL, Judge. Plaintiff brought an action in two counts seeking recovery for injuries suffered because of the burning of an exceedingly inflammable piece of wearing apparel purchased from the defendant by plaintiff's mother as a gift for the plaintiff. One count sought recovery for breach of an implied warranty under *Code* § 96-301 (the case arose prior to the enactment of the Uniform Commercial Code), and the second count sought recovery based on tort. The trial judge sustained a general demurrer to count 1 and overruled a general demurrer to count 2. The defendant, by main bill of exceptions, complains of error in overruling the demurrer to count 2, and the plaintiff, by cross bill, complains of error in the sustaining of the demurrer to count 1. *Held:*

Where recovery upon an action in tort based upon breach of duty arising under an implied warranty and upon knowledge on the part of the seller that the article of clothing sold contained latent defects undisclosed (highly inflammable mate-

rial) which made the article inherently dangerous for use as wearing apparel, and the allegations of knowledge on the part of the defendant are in the alternative, that is, alleging actual knowledge or constructive knowledge, such allegation is one of constructive knowledge only, *Baggett v. Edwards*, 126 Ga. 463 (1) (55 SE 250), and where the allegation relating to constructive knowledge is that the defendant "by the exercise of ordinary care *could* have known of the dangerous condition of said garment," it is insufficient as an allegation of constructive knowledge. Construing the petition most strongly against the pleader, as must be done on demurrer, the word "could" expresses no more than the *possibility* of discovery of the defect by the exercise of ordinary care (see *Callaway Mills Co. v. Hurley*, 100 Ga. App. 781, 784, 112 SE2d 320; Webster's International Dictionary, 2d. Ed., 1934—under the word "can," division 2b), which is not sufficient to allege constructive notice under the facts of this case. While the word "could" was used in the allegations in *King Hdw. Co. v. Ennis*, 39 Ga. App. 355 (147 SE 119), in which the petition was held good as against a general demurrer where the defect was patent and the goods were not sold in a sealed package, it does not appear that the question was directly raised. The second count of the petition failed to set forth a cause of action based upon tort for failure to allege that the seller had either actual or constructive knowledge of the alleged defect in the material in the article sold. The trial judge erred in overruling the demurrer to count 2 of the petition.

■ The implied warranty imposed by law does not run with the article sold, and only the purchaser may recover for a breach of warranty. *Young v. Certainteed Products Corp.*, 35 Ga. App. 419 (133 SE 279); *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 784 (62 SE2d 198); *Smith v. Williams*, 117 Ga. 782 (1) (45 SE 394, 97 ASR 220). The plaintiff, not being the purchaser for whose benefit the implied warranty operates, cannot sue thereon, and the trial court did not err in sustaining the demurrer to count 1 of the petition based upon a breach of said warranty.

*Judgment reversed on the main bill; affirmed on the cross bill. Felton, C. J., and Frankum, J., concur.*

DECIDED JANUARY 14, 1965—REHEARING DENIED
JANUARY 27, 1965.

T. J. Long, Ben Weinberg, Jr., for plaintiff in error.
Aycock, Ivey & Slotin, Phillip Slotin, contra.