**J. L. BROOKS, Jr., and the Fulton National Bank, as Executors of the Estates of Warner Morgan, deceased, and Jean McIntosh Morgan, deceased, and as Guardians of the property of Bonnie Jean Morgan and Lachlan McIntosh Morgan, infants, and Sara Roberts as Guardian of the persons and as next friend of Bonnie Jean Morgan and Lachlan McIntosh Morgan, Plaintiffs,**

v.

**EASTERN AIR LINES, INC., and Douglas Aircraft Company, Inc., Defendants.**

**Civ. A. No. 9277.**

United States District Court
N. D. Georgia,
Atlanta Division.
April 13, 1966.

Sheats, Parker & Webb, Atlanta, Ga., Kreindler & Kreindler, New York City, for plaintiff.

Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for Eastern Air Lines.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Douglas Aircraft Co.

SIDNEY O. SMITH, District Judge.

This is an action in which plaintiffs seek to recover for the wrongful death of decedents who were killed when an airplane manufactured by defendant Douglas Aircraft Company, Inc., and owned, operated, maintained and controlled by defendant Eastern Air Lines, Inc., crashed into Lake Pontchartrain, Louisiana. In the Third, Fourth, Seventh, and Eighth claims of their petition, plaintiffs assert that defendant Douglas is liable for breach of warranties arising out of the sale and subsequent crash of the plane while in the First, Second, Fifth and Sixth claims plaintiffs assert that defendant Douglas is liable by the negligent design, manufacture, assembly and sale of said airplane. Defendant Douglas has filed its motion to dismiss plaintiffs petition, as amended, on the

grounds that it fails to state a claim against the defendant Douglas upon which relief can be granted.

In diversity of citizenship cases, the Federal Courts, when deciding questions of conflicts of laws, must follow the rules prevailing in the states in which they sit. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

As the plaintiffs have ostensibly cast their petition in tort and contract and the Georgia conflicts rule may vary as to each, it must be determined in reality whether the case sounds in tort or contract.

Again we look to Georgia law. It was early decided in Georgia that in order to maintain an action against a manufacturer based on implied warranties the plaintiff must be a purchaser either directly from the manufacturer or from some other person such as a wholesaler or retailer. Studebaker Corp. v. Nail, 82 Ga.App. 779, 784, 62 S.E.2d 198; Revlon, Inc. v. Murdock, 103 Ga.App. 842, 120 S.E.2d 912; Griffith v. Chevrolet Motor Division, 105 Ga.App. 588, 592, 125 S.E.2d 525; Wood v. Hub Motor Company, 110 Ga.App. 101, 137 S.E.2d 674. As the petition does not allege that the decedents were parties to the sale of the airplane in which they were passengers the plaintiffs have no cause of action in Georgia under the theory of breach of implied warranty, so it is therefore necessary that we look to the liability, if any, of the manufacturer (defendant Douglas) as to the negligent design, manufacture, assembly and sale of the airplane in which decedents were passengers.

Today, the liability of the manufacturer to an ultimate consumer on the grounds of negligence can no longer be doubted. Further, anyone not in privity as an original purchaser or an original consumer under the Georgia rule must rest his suit in tort. A party in such privity may apparently proceed either in tort or contract. Bookholt v. General Motors Corp., 215 Ga. 391, 110 S.E.2d 642, 1959; Wilkinson v. Rich's Inc., 77 Ga.App. 239(2), 408 S.E.2d 552, 1948; Revlon, Inc. v. Murdock, 103 Ga. App. 842, 120 S.E.2d 912, 1961; Wood v. Hub Motor Company, 110 Ga.App. 101, 137 S.E.2d 674, 1964; R. H. Macy & Co., Inc. v. Vest, 111 Ga.App. 85, 140 S.E.2d 491, 1965; Woodward v. Miller, 119 Ga. 618, 46 S.E. 847, 64 L.R.A. 932, 1903; Simmons Co. v. Hardin, 75 Ga.App. 420, 43 S.E.2d 553, 1947; Eades v. Spencer-Adams Paint Co., 82 Ga.App. 123, 60 S.E.2d 543, 1950; Washburn & Co. v. General Motors Corp., 90 Ga.App. 380, 386, 83 S.E.2d 26, 1954; G. Bernd Co. v. Rahn, 94 Ga.App. 713, 96 S.E.2d 185, 1956.

As the plaintiffs' petition sounds in tort this court must apply the conflict of laws rule in Georgia concerning torts, which is:

"The law of the place where the tort or wrong has been committed is the law by which liability is to be determined, and the place of the wrong is the place where the injury was sustained rather than where the acts were committed, and is the place where there takes place the last event necessary to make an actor liable for an alleged tort." Orr v. Sasseman, 239 F.2d 182(4) (5 Cir. 1957). See also: Ohio Southern Express Co. v. Beeler, 110 Ga.App. 867, 868, 140 S.E.2d 235, 1965.

It is therefore necessary that we look to the law of Louisiana. Liability in tort exists there and further, "Fact that manufactured article is not inherently dangerous if properly made is immaterial in determining manufacturer's liability to third person injured because of defect in article, and failure of purchaser to make test of article does not absolve manufacturer from liability to third person." Walker v. General Motors Corp., 115 F.Supp. 267 (D.C.W.D.La. 1953). See also: Lartigue v. R. J. Reynolds Tobacco Company, 5 Cir., 317 F.2d 19 (1963); Kirkland v. Lummus Company, 230 F.Supp. 793 (D.C.E.D.La. 1964).

Admittedly, there is considerable confusion as to whether a passenger in a vehicle or aircraft has the right to sue the manufacturer in tort or in contract. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 (1916); Moody v. Martin Motor Co., 76 Ga.App. 456, 458, 46 S.E.2d 197, 1948; Wood v. Hub Motor Co., supra.

When the suit is cast in contract, some jurisdictions have gone to great lengths to extend the scope of "privity" to allow the claim to be tried on its merits. Hinton v. Republic Aviation Corp., 180 F. Supp. 31 (D.C.S.D.N.Y.1959); George v. Douglas Aircraft Co., 2 Cir., 332 F.2d 73 (1964), cert. den. 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177; Montgomery v. Goodyear Tire & Rubber Co., 231 F. Supp. 447 (D.C.S.D.N.Y.1964).

It is submitted that the Georgia rule is sound and if universally adopted would promote clarity in an already cloudy field. Thus, the limits of contractual liability and the *MacPherson* rule would end with the original purchaser or the first consumer from a retailer or wholesaler; all others would be relegated to the field of tort. To conclude that a passenger is an original purchaser or first consumer appears exceedingly strained. See Wood v. Hub Motor Co., supra, 110 Ga.App. at 109, 137 S.E.2d 674 (claim against manufacturer of guest passenger in motor vehicle stricken).

Insofar as the instant case is concerned, it matters not that plaintiffs allege their claims as a "contractual breach of warranty" or as a "tort". Whatever their labels, they practically amount to the same thing. Prosser, Law of Torts (2d Ed.) § 83 at 491–496, § 84 at 497–513; 10 Mercer Law Review 2, at 272, 288, 301, 313, 319.

The federal courts are interested in substance not form. 2 Moore Federal Practice, § 8.02 at 1611; Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80. Here, the gist of the claims against Douglas are for negligence in design and manufacture. The petition in all of its allegations is construed as one sounding in tort, subject to the laws of Louisiana and dependent on the facts as presented.

Accordingly, the motion to dismiss on behalf of defendant Douglas is denied.

It is so ordered.