Gary G. HUGHES, as Temporary Administrator of the Estate of Johnny Gary Hughes, deceased, Plaintiff,

v.

KAISER JEEP CORPORATION, and/or Kaiser Jeep Sales Corporation, Defendants.

Civ. A. No. 8647.

United States District Court
D. South Carolina,
Orangeburg Division.

May 9, 1966.

Solomon Blatt, Jr., Blatt & Fales, Barnwell, S. C., F. Hall Yarborough, Orangeburg, S. C., D. Reese Williams, III, Whaley & McCutchen, Columbia, S. C., for plaintiff.

Wm. A. Horger, Horger & Horger, Orangeburg, S. C., for defendants.

SIMONS, District Judge.

This cause has heretofore been before the court, 246 F.Supp. 557, upon defendants' motion to dismiss upon ground that the court did not have jurisdiction, and resulted in Order dated October 25, 1965 overruling said motion. It is now before the court upon defendants' motions as follows: (1) To require plaintiff to elect as to whether he intends to proceed *ex delicto* or *ex contractu*; (2) to dismiss plaintiff's complaint upon the ground that there was no privity of contract between plaintiff's intestate and the defendants, and that the complaint thereby failed to state a claim upon which relief would be granted; (3) to require plaintiff to delete from its second cause of action the words "death trap".

Arguments on the defendants' motions were heard on November 12, 1965, and counsel for the parties were directed to file briefs within 15 days thereafter. Plaintiff's counsel requested a delay in the filing date of their brief until they had received answers to additional interrogatories propounded to defendants; plaintiff's brief was received by the court a short time ago.

I. DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO ELECT.

In support of their motion to require plaintiff to elect, defense counsel cites and argues several South Carolina Supreme Court decisions.[1] Unquestionably under the state procedure defendants would be entitled to have the plaintiff elect between his causes of action. However, the substantive South Carolina law by which this court is generally governed under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is not applicable under the Federal Rules of Civil Procedure. Under Federal Civil Rule 18(a) alternate causes of action may be pleaded which are not inconsistent with each other and when the proof required in support of said causes is substantially the same. Senter v. B. F. Goodrich Co., 127 F.Supp. 705 (D.C.Colo. 1954). While a substantive right to recover is governed by state law under *Erie*, supra, the form or mode of the claim for relief is a matter of federal procedure under which no technical forms or pleadings are required. The defendant will not be permitted to force the plaintiff to choose at his peril the theory upon which he intends to rely and thereby possibly defeat a recovery where two consistent, concurrent, or cumulative causes of action can be alleged without prejudice to defendants' ability to defend. If an actionable wrong has been committed recovery under our federal procedure is to be granted, regardless of theory, and relief must not be denied through the vehicle of a forced election. See Rule 8(e) (1) of Federal Rules of Civil Procedure; Blazer v. Black, 196 F.2d 139 (10th Cir. 1952).

In accordance with the foregoing, defendants' motion to require plaintiff to

1. Thackston v. Shelton, 178 S.C. 240, 182 S.E. 436 (1935); Blackman v. Independent Life and Accident Ins. Co., 229 S.C. 54, 91 S.E.2d 709 (1956); Lamb v. Metropolitan Mut. Fire Ins. Co., 183 S.C. 345, 191 S.E. 56 (1937).

elect between its alternate causes of action *ex delicto* and *ex contractu* is overruled.

## II. DEFENDANTS' MOTION TO STRIKE ONE OR BOTH OF PLAINTIFF'S CAUSES OF ACTION FOR LACK OF PRIVITY.

(a) *As to plaintiff's first cause of action based upon tort:*

██ It is too well settled to require citation of authority that no privity of contract is required under the modern day view of products liability cases founded upon tort. Since Justice Cardozo's landmark decision in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 (1916), practically every jurisdiction, including South Carolina, allows a tort action against a manufacturer regardless of lack of privity. Thus, without further comment, defendants' motion to strike plaintiff's first cause of action founded upon negligence is overruled.

(b) *As to plaintiff's second cause of action based upon warranty:*

Defendants' motion to strike plaintiff's second cause of action based upon breach of warranty because of lack of privity between plaintiff's intestate and defendants requires more serious consideration.

██ Plaintiff asserts that the sale of the Jeep motor vehicle, which was the death car involved in this cause, was defectively manufactured and sold by defendants in the State of Ohio.[2] If the evidence should substantiate plaintiff's contention that the sale was consummated in Ohio then it appears that the law of that state would control as to whether privity of contract between plaintiff's intestate and defendants was necessary and essential to plaintiff's cause of action *ex contractu*. In the recent Fourth Circuit decision of Brown v. General Motors Corporation, 355 F.2d 814 (4 Cir. 1966), which was based upon a factual situation which involved similar legal principles as are involved in this case,[3] the court speaking through Judge Bryan reversed a judgment entered in favor of plaintiff upon breach of the warranty, and held that under the factual situation presented there was not sufficient evidence of breach of warranty or negligence to be submitted to the jury. The court, in its divided opinion, stated at page 817 as follows:

For our decision we may assume, as Brown avers, that the court of the forum (North Carolina) would apply Ohio law to the warranty phase of the case. See Price v. Goodman, 226 N.C. 223, 37 S.E.2d 592 (1946). We assume, likewise, that under Ohio law the plaintiff, as one expected to use the unit, has standing to assert a breach of warranty against G. M. as the manufacturer, without proof of contract privity. Inglis v. American Motors Corp., 3 Ohio St.2d 132, 209 N.E.2d 583 (Sup.Ct.1965). We assume, too, that Ohio has embraced the principle of strict tort liability. See Lonzrick v. Republic Steel Corp., 1 Ohio App.2d 374, 205 N.E.2d 92 (1965); Rogers v. Toni Home Permanent Co., 167 Ohio St. 244, 147 N.E.2d 612, 75 A.L.R.2d 103 (1958). *As to negligence, conced-*

2. Defendants' answer to additional interrogatory #1 on behalf of plaintiff filed January 31, 1966.

3. In the *Brown* case the complaint contained two counts, one in warranty and the other in negligence by plaintiff, Alexander L. Brown against General Motors Corporation seeking *damages for personal injury* resulting from the manufacture and sale of a crawler tractor, familiarly known as a bulldozer. The tractor was manufactured, sold and delivered in the State of Ohio to the manufacturer-dealer from whom it was leased-purchased by plaintiff's employer, Blythe Brothers, whose home base was North Carolina. Plaintiff Brown was employed as a mechanic by a subsidiary of Blythe Brothers Company on a road building job at Anderson, South Carolina at the time he was seriously injured when he and a fellow employee were attempting to service the tractor.

*edly, the law of South Carolina, the lex loci, delicti, controls.* (Emphasis added).

It is noted from the above that under Ohio law a plaintiff as one expected to use the vehicle has the right to assert a cause of action based upon breach of warranty against a manufacturer without proof of privity of contract. From the Ohio cases cited in *Brown,* supra, it is also observed that that State has adopted the principle of strict tort liability which the Supreme Court of this State has not done.

Thus it appears that if the vehicle involved in the instant case were sold and delivered in Ohio, the laws of that State would be applicable to plaintiff's second cause of action and no privity of contract would be required. By a like token under *Brown* and Ford Motor Co. v. McDavid, 259 F.2d 261 (4th Cir. 1958), the laws of South Carolina would control as to plaintiff's first cause of action based upon negligence since the fatal injury occurred in this state.[4]

If the court determines from the evidence presented that the sale of the vehicle in question was made in Ohio, the Ohio law will be applicable and defendants' motion to strike or dismiss plaintiff's second cause of action based on breach of warranty should be overruled. If on the other hand the evidence establishes that the sale was made in South Carolina then the South Carolina law should be applied.

■ Defendants contend that privity of contract is required in order to maintain a breach of warranty action against a manufacturer by an injured party under the principles set forth in Odom v. Ford Motor Company, 230 S.C. 320, 95 S.E.2d 601 (1956). In *Odom,* suit was for damages for alleged breach of warranty for soundness and fitness of a tractor for agricultural purposes. The South Carolina Supreme Court held that lack of privity of contract was a bar to recovery by plaintiff in that case and reversed a favorable jury verdict in plaintiff's favor. This opinion by the late lamented Justice Oxner indicated through dictum that privity would be required in South Carolina in a case involving personal injury or death. However, this particular question has never been squarely before the South Carolina Supreme Court, according to our research. It is noted that Justice Oxner acknowledged that many courts recognized exceptions to the general rule, which is followed in South Carolina, that privity of contract is required in an action for breach of an implied warranty, and that there is no such privity between a manufacturer and one who has purchased the manufactured article from a dealer or is otherwise a remote vendee, when he stated 95 S.E.2d at page 604:

"Among the exceptions developed by many courts to the foregoing rule is that a manufacturer or seller is liable to a third person in the prepara-

---

4. In Ford Motor Co. v. McDavid, Note 3 on page 264, Chief Judge Haynsworth stated: In this case in the diversity jurisdiction, we look to the laws of South Carolina, where the action was tried, first, to determine how she would resolve the conflict of laws question. The general rule, in similar tort cases, is that the controlling laws are those of the state in which the injury is suffered rather than those of the state in which the defendant acted. It has been tacitly applied by the Supreme Court of South Carolina. Burnette v. Augusta Coca-Cola Bottling Co., 157 S.C. 359, 154 S.E. 645. See, also, Klaxon Company v. Sten- tor Electric Manufacturing Company, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910; Rogers v. White Metal Rolling & Stamping Corporation, 2 Cir., 249 F.2d 262; Wright v. Carter Products, Inc., 2 Cir., 244 F.2d 53; Carpini v. Pittsburgh & Weirton Bus Company, 3 Cir., 216 F.2d 404; Sanders v. Glenshaw Glass Co., 3 Cir., 204 F.2d 436; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908; Reed & Barton Corporation v. Maas, 1 Cir., 73 F.2d 359. We follow the general rule and conclude that South Carolina would apply her laws, since the accident occurred in that state.

tion or sale of an article or produce 'inherently' dangerous to human safety, such as firearms, explosives, etc. Another exception excluded foodstuffs and beverages, it being held that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer regardless of privity of contract."

In the area of products liability on the part of manufacturers the law is developing and expanding very dramatically in many jurisdictions. See Annot., 75 A.L.R.2d 39 (1961). In more recent years many other states, including California, Colorado, Connecticut, District of Columbia, Illinois, Kansas, Louisiana, Minnesota, Missouri, New Jersey, New York and Texas, (all of which formerly required privity) have abandoned the requirement of privity. As the Supreme Court of New Jersey aptly stated in Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R. 2d 1, 17 (1960): "[W]here the commodities sold are such that if defectively manufactured they will be dangerous * * * then society's interest can only be protected by eliminating the requirement of privity * * *."

In this expanding field of the law one may well surmise, even anticipate, that the South Carolina Supreme Court today, if faced with a factual situation similar to that existing in the instant case, would likely hold that privity of contract is not necessary between a remote vendee and the manufacturer of a chattel which becomes a dangerous instrumentality in normal use, *if defectively made.*[5]

In any event since a factual determination must be made at a proper time as to whether Ohio or South Carolina law is applicable to plaintiff's second cause of action based upon breach of warranty, defendants' motion to strike or dismiss said second cause of action is overruled at this time.

III. DEFENDANTS' MOTION TO STRIKE FROM PLAINTIFF'S SECOND CAUSE OF ACTION THE WORDS "DEATH TRAP".

The allegations contained in paragraph 8 of plaintiff's second cause of action characterizing the vehicle in question as a "death trap" and all reference thereto are considered unnecessary, argumentative and prejudicial; and the same are hereby ordered stricken from plaintiff's complaint.

And it is so ordered.

---

5. See Vol. 17, No. 2, page 259, of S.C.Law Review (1965) for a most interesting and illuminating article entitled "Odom v. Ford and the privity requirement in South Carolina."