424 F.2d 549
 Harold Glenn WHITAKER, Plaintiff-Appellant,
v.
HARVELL-KILGORE CORPORATION and Day & Zimmerman, Inc., Defendants-Appellees.
Lura Madden WHITAKER, Plaintiff-Appellant,
v.
HARVELL-KILGORE CORPORATION and Day & Zimmerman, Inc., Defendants-Appellees.
 No. 27206.
 United States Court of Appeals, Fifth Circuit.
 April 20, 1970.
 
 Appeals from the United States District Court for the Middle District of Georgia at Columbus; J. Robert Elliott, Judge.
 
 
 1
 Mead Burns, Robert W. Beynart, Atlanta, Ga., for Harold G. Whitaker and Lura M. Whitaker.
 
 
 2
 Thomas R. Bryan, Jr., Columbus, Ga., for F. D. White, and A. J. Atkinson.
 
 
 3
 Howell Hollis, Columbus, Ga., for Harvell-Kilgore.
 
 
 4
 Edwin P. Rome, Blank, Rome, Klaus, & Comisky, Philadelphia, Pa., W. M. Page and Max R. McGlamry, Columbus, Ga., for appellees.
 
 
 5
 Before RIVES, COLEMAN and MORGAN, Circuit Judges.
 
 ON PETITION FOR REHEARING OF 418 F.2d 1010.
 PER CURIAM:
 
 6
 It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.
 
 RIVES, Circuit Judge (specially concurring):
 
 7
 Although in agreement with the result of our original opinion, upon further consideration I disagree with our reasoning in affirming the dismissal of the warranty count.
 
 
 8
 Initially, I cannot agree with our conflicts-of-law analysis. We concluded that section 109A-1-105, Georgia Code Annotated, is controlling in determining whether the substantive laws of Georgia or Texas and Tennessee apply to the warranty question.[1] The second sentence in section 109A-1-105 — "Failing such agreement this Act applies to transactions bearing an appropriate relation to this State" — established "a conflicts of law rule where none existed before [in Georgia]." Then, finding an appropriate relation between the transaction and Georgia, we concluded that the substantive law of Georgia is applicable to the warranty question.[2]
 
 
 9
 It is my view that 109A-1-105 establishes a choice-of-law rule only when a provision of the Uniform Commercial Code (or in the language of 109A-1-105, "this Act") is dispositive of an issue[3] Here, the crucial inquiry is whether privity of contract is required in an action for breach of warranty. The resolution of this issue is not determined by the Code but by a state's general privity requirements developed through statute, judicial interpretation, and/or common law.[4] Thus, we should look to the forum's (Georgia's) general conflict rules to determine whether the substantive law of Georgia or Texas and Tennessee is applicable.
 
 
 10
 Georgia's conflicts-of-law rules do not provide us with a choice-of-law rule for warranty. Confronted by this problem, other courts have utilized either tort or contract conflict rules.[5] Again, it is unclear whether the Georgia courts would characterize a warranty action for personal injuries as founded in tort or contract.[6]
 
 
 11
 I agree that the law of Georgia is applicable in determining whether privity is required. I find Judge Friendly's reasoning in George v. Douglas Aircraft Co., 332 F.2d 73, 77 (2 Cir. 1964) most persuasive:
 
 
 12
 "Even more clearly if a state has decided in general that persons injured within its borders by a particular kind of defective chattel should not be allowed to recover against the manufacturer except for negligence, there would be little reason to accord a greater degree of protection because the chattel causing the injury was made in another state which has shown a broader concern for the general welfare of its citizens by imposing strict liability."
 
 
 13
 Whether or not this approach should be labeled as adopting a particular conflicts rule, it focuses on the purposes and policies of privity requirements in all three states. See Note, Products Liability and and the Choice of Law, 78 Harv.L.Rev. 1452, 1467-1468 (1965).
 
 
 14
 Once it is determined that the substantive law of Georgia is applicable, it would appear that plaintiff's warranty action is precluded for lack of privity. Georgia's Uniform Commercial Code privity requirement, Georgia Code Ann. § 109A-2-318, provides that a seller's warranty extends to any natural person who is in the family or household of the buyer. These privity rules clearly are inapplicable to Whitaker. Except for the 2-318 rules which have a limited application, the Code takes a neutral position. The official comments to section 2-318 by the drafters of the Code state that the privity rules of 2-318 should not be used to restrict developing case law.[7] In light of Georgia's strict privity requirements in warranty,[8] it seems that, except for 109A-2-318, privity of contract is required in warranty actions by a non-purchaser against a manufacturer.[9]
 
 
 15
 I concur in the denial of rehearing.
 
 
 
 Notes:
 
 
 [1]
 As pointed out in the original opinion, note 7, resolution of the conflicts question will determine whether or not Whitaker can seek recovery on a warranty theory
 
 
 [2]
 To support this result, we noted that because breach of warranty involving an injury is analogous to a tort action, the orthodox "place of injury" rule should apply to warranties. Original opinion at note 9. Although there is authority for this proposition, there is also authority to the contrary,i. e., that the contract conflict rules should apply in a warranty action. Stubblefield v. Johnson-Fagg, Inc., 379 F.2d 270, 273 (10 Cir. 1967); Brown v. General Motors Corp., 355 F.2d 814, 817-818 (4 Cir. 1966); Hughes v. Kaiser Jeep Corp., 40 F.R.D. 89, 91-92, (D.S.C. 1966); 3 Frumer & Friedman, Product Liability § 38.03. See also 76 A.L.R.2d 130, 150; note 5, infra.
 
 
 [3]
 See Generally Nordstorm & Ramerman, The Uniform Commercial Code and the Choice of Law, 1969 Duke L.J. 623, 641; Weintraub, Choice of Law for Products Liability: The Impact of the Uniform Commercial Code and Recent Developments on Conflicts Analysis, 44 Tex.L. Rev. 1429, 1437 (1966).
 
 
 [4]
 Although section 2-318 (109A-2-318) relaxes the common law warranty privity requirement in a limited context, the drafters of the Code have clearly indicated that the 2-318 rules are not to restrict or expand the privity rules developed outside the Code. Uniform Commercial Code § 2-318, Comment 3;see Thompson v. Reedman, 199 F.Supp. 120 (E.D.Pa. 1961); Jakubowski v. Minnesota Mining & Mfg., 80 N.J.Super. 184, 193 A.2d 275 (1963); Delta Oxygen Co. v. Scott, 383 S.W.2d 885 (Ark.1964).
 
 
 [5]
 See note 2,supra, and note 9 in original opinion. Most of these decisions give no reasons for applying either the tort or contract conflict rules. In addition, the commentators do not agree. Ehrenzweig, Products Liability in the Conflict of Laws, 69 Yale L.J. 794, 795, n. 9 (1960) (tort); Weintraub, Choice of Law for Products Liability: The Impact of the Uniform Commercial Code and Recent Developments on Conflicts Analysis, 44 Tex.L.Rev. 1429, 1437-1438 (1966) (contract).
 
 
 [6]
 In Brooks v. Eastern Air Lines, Inc., 253 F.Supp. 119 (N.D.Ga.1966), the court after analyzing Georgia law concluded that an action which included negligence and warranty counts sounded in tort. The court then applied Georgia's tort conflicts rule ("place of injury")
 
 
 [7]
 Uniform Commercial Code § 2-318, Comment 3
 
 
 [8]
 See,e. g., Brooks v. Eastern Air Lines, Inc., 253 F.Supp. 119, 121 (N.D.Ga. 1966); R. H. Macy & Co. v. Vest, 111 Ga.App. 85, 140 S.E.2d 491, 492 (1965); Wood v. Hub Motor Co., 110 Ga.App. 101, 137 S.E.2d 674, 681 (1964); Griffith v. Chevrolet Motor Div., 105 Ga.App. 588, 125 S.E.2d 525, 528 (1962); Studebaker Corp. v. Nail, 82 Ga.App. 779, 62 S.E. 2d 198, 202 (1950). Although the Georgia courts have not had the opportunity to construe 109A-2-318, a recent opinion of this Court is illustrative of the impact of 109A-2-318 on Georgia's pre-Code privity requirement. Horne v. Armstrong Prods. Corp., 416 F.2d 1329 (5 Cir. 1969).
 
 
 [9]
 InVest, Wood and Griffith, cited in note 7, supra, the court construed Georgia's statutory warranty provision, Georgia Code Ann. 96-307, as including strict privity requirements. This statute was repealed when the Code was enacted in 1962. Georgia Laws, pp. 156, 527 (1962). However, the statute's repeal cannot be considered as a repeal of the strict privity requirements, for two reasons: (1) In warranty actions before the enactment of 96-307, privity was required, e. g., Studebaker Corp. v. Nail, supra; and (2) the Vest and Wood cases, although construing 96-307, were decided after the Code was enacted. As stated above, the Georgia courts have not construed 109A-2-318.