LINDSAY, Judge.
On January 9, 1984, William Johnson, executor of the Succession of Aliena Rogers Montgomery, filed with the succession a descriptive list of assets and liabilities. Listed under the liabilities is an unsecured note in the original amount of $128,525 executed by Aliena Montgomery in favor of Thomas Montgomery. The amount of liability for the aforementioned note was recorded in the descriptive list as $0.00.
On December 17, 1985, Thomas Montgomery filed a motion to traverse the descriptive list, seeking to have the descriptive list amended to include the amount allegedly remaining due on the note. The executor filed an opposition to the motion to traverse, claiming that the promissory note was issued without consideration. A hearing was held on January 2, 1986. At the conclusion of the hearing, the trial judge denied Thomas Montgomery’s motion to traverse, and dismissed the action with prejudice, ruling that the note had been issued without consideration.
Mr. Montgomery has appealed, raising the issues of whether the trial court properly admitted certain parol and documentary evidence, whether the evidence supported the conclusion of the trial court and whether the trial court erred in rendering a judgment dismissing plaintiff’s motion to traverse “with prejudice.” For the following reasons, we affirm the trial court judgment.
The record reveals that at the hearing on the motion to traverse the descriptive list, counsel for Mr. Montgomery introduced into evidence the promissory note in question, and an attached affidavit which had been executed by the decedent. In the affidavit, the affiant, Aliena Montgomery, states that she has executed a promissory note in favor of her son, Thomas Montgomery, in the amount of $128,525 and that the consideration for the note is the money, groceries and other items furnished by her son since the death of her husband in 1959. Additionally, the affidavit recites that her son has also paid her accounts, paid taxes on real estate, provided transportation and managed her affairs. The notary before whom the affidavit was executed testified that the affidavit expressed the desires of the affiant. Mr. Montgomery did not testify, nor was he present at the hearing.
William Johnson, the executor of the succession and the grandson of the deceased, testified that the note should not be listed in the descriptive list because he felt there was no real debt involved; i.e., there was no consideration for the note. To substantiate his belief, Mr. Johnson testified that Mrs. Aliena Montgomery and her previously deceased husband donated land and a store to Thomas Montgomery in 1959 to compensate him for services rendered and to be rendered in caring for Mrs. Aliena Montgomery. Mrs. Aliena Montgomery’s husband died five days after the act of donation was passed. Furthermore, on January 3, 1981, eight lots in Benton, Louisiana were sold by Mrs. Aliena Montgomery to Thomas Montgomery for $2,000. Mr. Johnson felt that this price was sub *1311 stantially inadequate. Likewise, on June 6, 1981,[1] Aliena Montgomery sold approximately 130 acres of land in Bossier Parish to Thomas Montgomery for $37,650. Mr. Johnson also felt that this was a substantially inadequate price. Certified copies of the various transactions were filed in evidence.
Appellant contends that copies of the documents and the testimony of William Johnson were inadmissible. He presents two theories in support of his contention. First, appellant contends that he is a holder in due course of the note in question and therefore a lack of consideration or insufficient consideration may not be raised as a defense. Second, appellant contends that the affidavit and note together constitute an act under private signature duly acknowledged which, at the time of execution, was equivalent to an authentic act and therefore full proof of its contents against the parties, their heirs or assigns. Thus, any evidence presented which would contradict the facts as established in the authentic act should be excluded as parol evidence.
I. ADMISSIBILITY OF EVIDENCE
Appellant first contends that as a holder in due course, no parol evidence was admissible. A holder in due course is a holder who takes the instrument for value; and in good faith; without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. A payee may be a holder in due course. LSA-R.S. 10:3-302.
The evidence presented at trial was admissible to show whether the appellant took the note for value and whether he had notice of any defense to it by any person. Therefore, the evidence was relevant to show whether appellant was in fact a holder in due course. If appellant is not a holder in due course, then he took the instrument subject to the defenses of want or failure of consideration. LSA-R.S. 10:3-306.
 Appellant’s second contention is that the note and affidavit constitute an act under private signature, duly acknowledged, and therefore other evidence cannot be admitted to contradict this “authenticated document.”
Under former Civil Code Article 2242,[2] an act under private signature, duly acknowledged has, between those who have subscribed to it, and their heirs and their assigns, the same credit as an authentic act. An authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery. LSA-C.C. Art. 2236.[3]
However, appellee contends that evidence of simulation and failure of consideration were admissible by virtue of former LSA-C.C. Art. 2239.[4] That article of the Code provides that forced heirs shall have the right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and they shall not be restricted to the legitime.
Appellee is correct in asserting that LSA-C.C. Art. 2239 allows him, as executor of the succession and a forced heir, to attack an act of the deceased, even though in authentic form, by parol evidence to prove that the act is a simulated contract. Smelley v. Ricks, 174 La. 734, 141 So. 445 (1932); Succession of Broussard, 306 So.2d 399 (La.App. 3rd Cir.1975).
The evidence was also admissible to show that the deceased has acted to deplete her estate through the use of a simulation to defeat the forced heirship laws of this state. Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960).
*1312 For the foregoing reasons, we conclude that the trial court correctly admitted Mr. Johnson’s testimony concerning a lack of consideration, as well as the evidence of the other donations which the deceased made to Thomas Montgomery.
II. FINDINGS OF FACT AND CONCLUSIONS OF LAW
Appellant contends that, even if the disputed evidence is admissible, the trial judge erred in concluding that he failed to carry his burden of proving that consideration was given for the note and in allowing the executor to list the note in the descriptive list as having no balance owed.
In cases involving the issue of lack or failure of consideration there exists a shifting burden of proof. Should the party attacking the simulated transaction create a reasonable doubt as to the validity of the transaction, the burden of proof shifts to the opposing party to dispell the doubt as to the authenticity of the contract. Johnson v. McCorvey, 344 So.2d 448 (La.App. 2d Cir.1977); Fontenot v. Estate of Vidrine, 401 So.2d 584 (La.App. 3rd Cir.1981); Ingram v. Freeman, 326 So.2d 565 (La.App. 3rd Cir.1976); Succession of Elrod v. El-rod, 218 So.2d 83 (La.App. 2d Cir.1969); Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257 (1956).
In reviewing the factual determinations of the trial court we apply the “clearly wrong” standard enunciated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, writ denied 374 So.2d 660 (La.1979).
In arriving at its conclusion that no consideration was given for the note, the trial court observed that the appellant, Mr. Montgomery, failed to testify in this suit which he instituted and of which he had personal knowledge. The trial court then, and we think correctly, applied the presumption that when a party in a civil case can by his own testimony throw light upon matters at issue, necessary to his cause of action and particularly within his own knowledge, and fails to take the witness stand, the facts, as he would have them, do not exist. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (La.1986).
Our review of the record reveals that Mr. Montgomery is not a holder in due course. He did not take the instrument “without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.” LSA-R.S. 10:3-302(l)(c). According to LSA-R.S. 10:1-201, “A person has ‘notice’ of a fact when (a) he has actual knowledge of it; or (b) he had received notice or notification of it; or (c) from all facts and circumstances known to him at the time in question he has reason to know that it exists.” See: American Bank & Trust v. Sunbelt Environmental, 451 So.2d 1111 (La.App. 1st Cir.1984).
Knowledge on the part of Mr. Montgomery that the note was subject to the defense of lack of consideration is exemplified by his and his mother’s act of creating the affidavit. The execution of the affidavit was an attempt to establish serious consideration through an instrument which would prevent other heirs from attacking the note for a lack or failure of consideration. Also, the making of Mrs. Montgomery’s will and the execution of the note and affidavit all on the same day lends further credence to appellee’s assertion that Mr. Montgomery and his mother were attempting to pass the assets of the succession to Mr. Montgomery and exclude other forced heirs. Because Mr. Montgomery is not a holder in due course, the note is subject to an attack for a lack of consideration.
It is also apparent that the evidence offered by appellee created a reasonable doubt as to whether there was consideration for the note, thereby shifting the burden of proof to appellant to establish that consideration actually existed. We agree with the trial court that appellant did not carry his burden of proof. Accordingly, the record shows that the note in question is a simulation because consideration for its issuance was not proved.
The testimony of William Johnson established that donations were previously made by Ms. Aliena Montgomery and her hus *1313 band to Thomas Montgomery to compensate him for rendering future care and assistance to Ms. Aliena Montgomery. This evidence, along with evidence that several tracts of land were sold to Thomas Montgomery for substantially low prices cast doubt upon the reality of the consideration which was supposedly given.
The appellant, Mr. Montgomery, failed to testify. Therefore, it is presumed that the facts, as he would have them, do not exist. The only evidence that any consideration was given is the affidavit of Ms. Aliena Montgomery. That evidence is not credible because it appears that the affidavit was given to perpetuate a simulation and because the factual recitations are, in themselves, hearsay.
The trial court did not err in reaching its decision that appellant failed to carry his burden of proof and in holding that the succession was not indebted to Thomas Montgomery for any sum represented by the note.
III. JUDGMENT ORDERING DISMISSAL WITH PREJUDICE
Appellant contends that the trial court erred in dismissing his claim “with prejudice” when appellee did not request that relief in his answer.
LSA-C.C.P. Art. 862 provides:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
Additionally, LSA-C.C.P. Art. 1844 provides that a judgment of dismissal may be with or without prejudice. Thus, the trial court is granted discretion in rendering a judgment either with or without prejudice.
In cases where there has been a total lack of competent proof to support a litigant's claim, and when there is an indication that a party may be able to present additional evidence which would be sufficient to make out his case if his right to do so were preserved, appellate courts have sometimes allowed dismissals without prejudice. Pearce v. Johnson, 213 So.2d 117 (La.App. 3rd Cir.1968); Aswell v. United States Fidelity and Guaranty Company, 244 So.2d 243 (La.App. 3rd Cir.1971). Conversely, when a party does not show that if a judgment of nonsuit was rendered, he would be in a position to offer additional proof to substantiate his claim, judgments of dismissal with prejudice have been upheld. Strother v. Villere Coal Company, 15 So.2d 383 (La.App. Orleans 1943).
Here, appellant failed to testify. His failure to testify was apparently of his own choice. Because of appellant’s failure to testify, we may presume that his testimony would not have aided him. The burden of proof was upon appellant to prove his claim. He failed to offer sufficient proof to substantiate that claim. Under the circumstances of this case, the trial court did not err in rendering a judgment dismissing appellant’s claim with prejudice.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Thomas Boyd Montgomery.
AFFIRMED.

. Aliena Montgomery’s will and the note at issue are also dated June 6, 1981.

. This case is governed by articles of the Louisiana Civil Code as they existed before the Civil Code revision of 1984, as all acts pertinent to this case occurred before the revision.

. Id.

. Id.